179 So. 312

**STATE ex rel. EQUITABLE SECURITIES CORPORATION OF NASHVILLE v. CONWAY, Secretary of State, et al.**

No. 34570.

Feb. 7, 1938.

Monroe & Lemann and J. Raburn Monroe, all of New Orleans, for relator.

D. M. Ellison, of Baton Rouge, and G. F. Purvis, Jr., of Rayville, for E. A. Conway, Secretary of State.

Louis ‚E. Jung, of New Orleans, for Equitable Securities Co., Inc.

LAND, Justice.

Relator, the "Equitable Securities Corporation" of Nashville, is a foreign corporation organized under the laws of the State of Tennessee, with its domicile and principal office at Nashville in that state.

On April 17, 1937, relator made formal demand upon E. A. Conway, Secretary of State, for a certificate of authority to do business in this state as a foreign corporation, under Act No. 267 of 1914, as amended by Act No. 120 of 1920.

The application for this certificate was opposed by Equitable Securities Company, Inc., a domestic corporation, and was refused by the Secretary of State.

Relator then applied to the district court of East Baton Rouge for a writ of mandamus to compel the Secretary of State to issue the certificate, and joined the Equitable Securities Company, Inc., as a codefendant; or co-respondent.

Both respondents filed exceptions of no right or cause of action, which were overruled, and then filed answers to the application for the writ. The case was tried upon its merits, and judgment was rendered in favor of respondents denying the applica-

tion for the writ of mandamus and dismissing relator's suit at its cost.

From this judgment, relator has appealed.

■ 1. At the outset, it is appropriate to observe that relator, "Equitable Securities Corporation" of Nashville, Tenn., being a foreign corporation, and desiring to do business in this state, is not governed by Act No. 250 of 1928, which is the act governing the incorporation of domestic corporations, but is governed by section 1 of Act No. 120 of 1920, amending and re-enacting section 23 of Act No. 267 of 1914.

The pertinent part of this section reads as follows:

"Be it further enacted, etc., That any corporation formed in any State, Territory, or Federal district or possession of the United States, or any foreign country, shall be entitled to a certificate from the Secretary of State, authorizing it to exercise the same powers, rights and privileges as are accorded to similar domestic corporations organized under this act, upon filing in the office of the Secretary of State [certain documents therein mentioned] ; * * * provided, however, that no certificate shall be granted to any foreign corporation having the same name or one so nearly resembling it *as to be likely to deceive* as that of any corporation already authorized to do business in this state.

"*A foreign corporation so circumstanced may, however, add to its name some term which would distinguish it from the corporation already registered, and thereupon be permitted to register and engage in business.* (Brackets and italics ours).

When relator applied under this section to the Secretary of State for the certificate to do business in this state as a foreign corporation, it added to its name, "Equitable Securities Corporation," the term "of Nashville," in order to distinguish relator from respondent, "Equitable Securities Company, Inc., a domestic corporation already authorized to do business in this state, but, upon objection to this addition to the name of relator by respondent Company, Inc., the application of relator was refused by the Secretary of State.

Relator alleges in its petition: "That in refusing to issue the certificate authorizing relator to do business in Louisiana under the name Equitable Securities Corporation of Nashville, and in refusing to allow said relator to add some distinguishing term to its name, and to issue a certificate of authority with such distinguishing term added to its name, said E. A. Conway, Secretary of State, is neglecting his duty as a holder of said office as set out in the acts above referred to; that relator has no adequate remedy at law, and that a mandamus is necessary to protect and enforce its rights in the matter."

2. The respondent Secretary of State admits in his answer his refusal to qualify relator, "Equitable Securities Corporation" of Nashville, and to issue a certificate of authority to it to operate in this state, on the ground that, under section 23 of Act No. 267 of 1914, as amended by Act No. 120 of 1920, the duty imposed on respondent in such cases required "the use of discretion and judgment," and that it was the

opinion of respondent that the name "Equitable Securities Corporation" of Nashville was "deceptively similar" to that of "Equitable Securities Company, Inc.," which was incorporated in Louisiana in 1928, and that the addition of the term "of Nashville" would not distinguish them so as to avoid confusion both to the public in general and in the records of respondent's office.

Respondent Secretary of State further says in his answer that relator has not complied with the provisions of Act No. 267 of 1914, as amended by Act No. 120 of 1920, in that "an amendment to the charter of the Equitable Securities Corporation of Nashville" has not been filed in the office of the Secretary of State of Tennessee, and therefore relator is not in a position to request respondent to issue to it a certificate of authority to operate in Louisiana under the name "Equitable Securities Corporation of Nashville."

The answer filed by respondent Equitable Securities Company, Inc., is similar to that of the Secretary of State, and asserts that the duty of the Secretary of State, if any duty exists, to authorize relator to qualify to do business in Louisiana "is clearly discretionary and not ministerial"; that the Secretary of State having exercised such judgment and discretion, "he is therefore not subject to mandamus by this Court, and this Court should not substitute its judgment for the judgment of said officer."

To place such a construction upon the language of the statute would vest in the Secretary of State the exercise of arbitrary judicial power in such matters, by making his decision final, and, clearly, would render this provision of the statute unconstitutional.

Manifestly, such was not the legislative intent. On the contrary, it is apparent that in such matters the statute confers upon the Secretary of State merely the power to act, in the first instance, subject to review by the courts.

■ 3. Section 1 of Act No. 120 of 1920, amending and re-enacting section 23 of Act No. 267 of 1914, states, in unambiguous terms, that a foreign corporation "shall be entitled to a certificate from the Secretary of State, authorizing it to exercise the same powers, rights and privileges as are accorded to similar domestic corporations * * * upon filing in the office of the Secretary of State" certain documents therein mentioned. (Italics ours.)

Although it is provided in this section that no certificate shall be granted to a foreign corporation having the same name as a domestic corporation already authorized to do business, or having a name so nearly resembling that of a domestic corporation as to be likely to deceive, yet it is also specifically provided in the same section that: "A foreign corporation so circumstanced may, however, add to its name some term which would distinguish it from the corporation already registered and thereupon be permitted to register and engage in business." (Italics ours.)

This section does not arbitrarily bar, at all events, a foreign corporation of the same or similar name as that of a domestic corporation from doing business in this state;

*but permits* such corporation to register and engage in business *by adding to its name some distinguishing term.*

If the term "of Nashville" added to relator's name, "Equitable Securities Corporation," distinguishes that corporation from respondent corporation, 'Equitable Securities Company, Inc.," then, clearly, relator has the legal right to demand of the Secretary of State a certificate to do business in this state under that name, and to compel the issuance of such certificate to relator by the writ of mandamus.

4. The Legislature, in our opinion, did not intend, by any means, that a foreign corporation, under the circumstances of relator, should be compelled to change its name by a formal amendment of its charter, in order to operate in this state. Had the Legislature so intended, it would have so declared in the act, and would not have provided the mere "adding a term" to the corporate name to distinguish the foreign from the domestic corporation.

█ 5. Relator corporation is engaged solely in the business of buying and selling bonds, principally bonds of Governmental bodies and political subdivisions.

Respondent corporation, on the other hand, is engaged in the business of making small loans under the authority of Act No. 7 of the Extra Session of 1928. There is no competition or conflict between the business done by respondent Equitable Securities Company, Inc., and relator, and no injury can be presumed to result to respondent by the issuance of a certificate of authority to relator to do business in Louisiana under the name of Equitable Securities Corporation of Nashville.

█ We fail, therefore, to see wherein the names of the two corporations are "deceptively similar," as alleged by the Secretary of State in his answer in this case. The addition of the term "of Nashville" to relator's corporate name, in our opinion, clearly designates that corporation as a foreign corporation, and plainly distinguishes it from relator, a domestic corporation, so as to avoid confusion both to the public and in the records of the office of respondent Secretary of State.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that a writ of mandamus issue to respondent E. A. Conway, Secretary of State, directing him to issue a certificate of authority to do business in this state to relator, in the name of Equitable Securities Corporation of Nashville, upon compliance by relator with the other requirements of law.

It is further ordered that the respondent Equitable Securities Co., Inc., pay the costs of this court and of the district court.

FOURNET, J., absent.