Mrs. Marie Cazaux Huth, in conjunction with her deceased husband, Harvey H. Huth, and since his death on her own account, *Page 743 
has for the past 35 years been engaged in the general drayage business in the City of New Orleans under the trade name "St. Charles Transfer Company". She brought this suit against Leon Rosenzweig seeking to enjoin him from the use of the name "St. Charles Distributing Company" upon the ground that the business conducted by Rosenzweig is similar to hers and that the use of the trade-name "St. Charles Distributing Company" has caused great confusion and irreparable damage to her business.
Rosenzweig, in answer to plaintiff's demand, averred that his business is in nowise similar to the drayage business conducted by plaintiff, since it is confined to the wholesale purchase and sale of food commodities and the manufacture of containers for repacking merchandise for export shipment, therefore, there should be no confusion and no ground for causing any damage to plaintiff's business. Rosenzweig also averred that the plaintiff has been guilty of laches in that she failed to complain prior to the bringing of this suit of the manner and character of his business or its name, notwithstanding the fact that he has been in business since July, 1942, and that his trade-name was duly registered in the Conveyance Office immediately after he commenced his business, in compliance with Act 64 of 1918, as amended by Act 303 of 1926, whereas the plaintiff failed to register her trade-name until the month of August, 1945.
There was judgment below dismissing plaintiff's demand as in case of nonsuit and she has appealed devolutively therefrom.
[1] Considering first the question of laches, we find that while plaintiff was not as vigilant as she might have been or as prompt in the assertion of her grievance against defendant, it does not appear that she was aware of the use by defendant of its present name until about a year or two prior to the bringing of this suit.
On the merits the plaintiff relies upon the equitable principle supporting the authorities involving unfair competition.
[2] The record fails to prove that the plaintiff suffered any actual damages. In fact, no monied judgment is asked for. However, if the defendant's trade-name can be said to have amounted to unfair competition, an injunction should issue. See New Orleans Coffee Company, Ltd. v. American Coffee Company,124 La. 19, 49 So. 730.
[3, 4] In 63 Corpus Juris, page 396, Section 104, Verbo "Trade-marks, Trade-names, and Unfair Competition", we find: "The law of unfair competition extends only to fraudulent practices inducing confusion of goods and deception of the public and does not apply to the adoption of methods by competitors intended to popularize their product, where no deception or confusion of goods results. However, in order to make out a case of unfair competition, it is not necessary to show that any person has been actually deceived by defendant's conduct and led to purchase his goods in the belief that they are the goods of plaintiff or to deal with defendant thinking he was dealing with plaintiff; it is sufficient to show that such deception will be the natural and probable result of defendant's acts. But either actual or probable deception and confusion might be shown, for if there is no probability of deception, there is no unfair competition".
The plaintiff, the St. Charles Transfer Company, is and has always been engaged in the drayage business. The defendant, the St. Charles Distributing Company, has never operated a drayage business, but is a wholesaler of food products and a manufacturer of containers for repacking merchandise for export shipment, operating only one truck in connection with its business while the transfer company operates 15.
The evidence in the record is to the effect that on several occasions the office of the plaintiff was called by telephone when the defendant's company was the one desired. In other words, there were several mistakes made because of the use of the name "St. Charles" in the trade-name of both concerns. In one instance testified to by Mrs. Huth, the party calling, when informed that he was connected with the St. Charles Transfer Company, immediately *Page 744 
stated that he did not want the transfer company but the distributing company.
There are many cases dealing with unfair competition, but we are aware of none which would sustain an application for injunction of a non-competitive business because the trade-names were similar. In the instance, the similarity consists in the use of the word "St. Charles".
In Certain-teed Products Co. v. Philadelphia Suburban Mortgage Guaranty Co., 3 Cir., 1931, 49 F.2d 114, 116, a roofing manufacturer sought to enjoin the use of the word "certain-teed" by one engaged in the business of lending money on mortgages. In dismissing the plaintiff's suit the Circuit Court adopted the opinion of the District Judge to the effect: "We may take it as settled, therefore, that the plaintiff's rights, even where the word used by the defendant is part of the plaintiff's corporate name, depend in some degree at least upon the likelihood of the public confusing either the goods of the plaintiff with the business of the defendant or the business of the plaintiff with the business of the defendant. As to the degree in which this element must be present I do not think the cases go as far as the plaintiff contends, namely a possibility of confusion of identity. If they did, it seems to me that it would be tantamount to giving the plaintiff the absolute right to restrain the use of the word under all circumstances and in connection with any business or any kind of goods. It is obvious that this is not the rule, or it would have been so stated long ago. I suppose there is always a remote possibility of some confusion arising from the use of the same word in connection with different businesses. But, in cases of this kind, the courts do not deal with possibilities, and in every case in which the defendant has been restrained there has been a reasonable likelihood of confusion existing, and I take this to be the real question."
[5] The sum and substance of the matter is that there is no showing of unfair competition since the plaintiff and defendant are engaged in different businesses. There is no indication that plaintiff's business has been damaged to any extent. The sole reliance of the plaintiff is upon the joint use of the word "St. Charles" in connection with the two businesses. There is nothing in the record to explain why this name was employed, but we see no reason why the plaintiff should complain.
[6] There are instances where trade-names have acquired a secondary meaning so closely associated in the mind of the public as applying to one business or one product that its use by competitors for the purposes of unfair competition would be prevented by equitable means of injunction. Speaker v. Shaler Co., 7 Cir., 87 F.2d 985.
"Where a trade name has acquired such significance in the minds of the public as applying to one's business, equity will restrain the use of a name so similar as to confuse and mislead the public, to the first user's injury;
"It is not necessary that the second user employing the name which interferes with another's prior right should have adopted such name with intent to deceive the public or injure the other. The consequences, and not the motive, are controlling." Household Finance Corporation v. General Household Credit Corporation, D.C.N.J. 1943, 49 F. Supp. 541, 542.
However, no such case is before us now. Our conclusion is that the judgment appealed from is correct, consequently, and for the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 758