SEABOARD FINANCE COMPANY,
Appellant,

v.

Honorable Wade O. MARTIN, Jr., Secretary of State of the State of Louisiana and Seaboard Finance Corporation, Appellees.

No. 16420.

United States Court of Appeals
Fifth Circuit.

May 10, 1957.

Rehearing Denied June 14, 1957.

Gibbons Burke, New Orleans, La., Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, La., of counsel, for appellant.

Murray F. Cleveland, New Orleans, La., C. C. Wood, Spl. Asst. Atty. Gen., Henican, James & Cleveland, New Orleans, La., for Seaboard Finance Corp., appellee.

Before BORAH, RIVES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

Seaboard Finance *Company,* a Delaware corporation, sought a judgment directing the Secretary of State of the State of Louisiana to issue to it a certificate of qualification to do business within that State, and a further judgment ordering and directing Seaboard Finance *Corporation,* a Louisiana corporation, to cease and desist from doing business under that corporate name. It prayed also for "such other and further relief to which the plaintiff may be justly entitled." The district court sustained the separate motion to dismiss filed by each of the defendants, and this appeal ensued.

The Secretary of State's motion to dismiss took the position that the suit, nominally against him, was in substance a suit against the State of Louisiana which had not waived its immunity from suit; and, hence, that, under the Eleventh Amendment to the Constitution, the judicial power of the United States does not extend that far. We agree with that position.

Seaboard Finance Corporation, the other defendant, was incorporated in 1953 under the laws of Louisiana. It is conceded, as it must be, that its name was deceptively similar to that of the plaintiff, Seaboard Finance Company. The Secretary of State declined to issue to plaintiff a certificate of qualification to do business within Louisiana in reliance upon Section 203, subd. B of Title 12 of the Louisiana Statutes Annotated–Revised Statutes of 1950, reading in part as follows:

"B. No certificate shall be granted or issued to any corporation having the same name or a name deceptively similar to that of any corporation, domestic or foreign, business or nonprofit, authorized to do business in this state * * *."

The plaintiff corporation did not offer to add to its name any distinguishing term, and there was no claim that the Secretary of State acted arbitrarily as was the case in State ex rel. Equitable Securities Corporation of Nashville v. Conway, Secretary of State, 189 La. 272, 179 So. 312. To the contrary, it affirmatively appears that the action of the Secretary of State was done under the authority of a valid State law, and was therefore beyond the judicial power of the United States. Worcester County Trust Co. v. Riley, Comptroller of California, 302 U.S. 292, 296–297, 58 S.Ct. 185, 82 L.Ed. 268. As to the action against the Secretary of State, the judgment of dismissal is therefore affirmed.

The motion to dismiss filed by the defendant Seaboard Finance Corporation was based upon three grounds: (1) "that the Court lacks jurisdiction because the amount actually in controversy is less than $3,000.00, exclusive of interest and costs"; (2) "the complaint fails to state a claim against defendant Seaboard Finance Corporation upon which relief can be granted"; and (3) "the plaintiff is guilty of laches."

■ Jurisdiction was based on diversity of citizenship, 28 U.S.C.A. § 1332. The complaint contained the formal averment that, "The matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000." In addition, the complaint alleged that continuously since 1927 plaintiff and its corporate predecessors have used said corporate name in the business of making loans and have used effective means of building good will under said name. For each of the years 1945 to 1955 the amounts expended for advertising the corporate name and business are set forth, varying from $259,815 in 1945 to $957,325 in 1955. The dollar volumes of business in loans and in sales for each of said years are stated, the loan business varying from $31,609,425 in 1945 to $179,662,152 in 1955, and the sales business increasing from $2,311,252 in 1945 to $101,073,810 in 1955. The plaintiff operates 304 offices in 32 states, 6 in Hawaii, and 5 in Canada. It has 23 stockholders residing in Louisiana, 9 in Mississippi, and 94 in Texas. Its expansion, both economic and territorial, has been gradual and progressive, and, in the orderly expansion of its trade territory, it has entered into negotiations for the acquisition of small loan companies within the State of Louisiana.

■ Such detailed averments in support of the formal allegation of jurisdictional amount were not denied. The motion on the jurisdiction was in general terms, as heretofore quoted, and was coupled with a ground of failure of the complaint to state a claim upon which relief can be granted, and a simple charge of laches. No proof by affidavit or otherwise was adduced, and, apparently, the court and the parties considered that evidence was not called for at that stage of the proceedings. The plaintiff might have been required to prove the allegations as to amount in controversy on proper motion to dismiss KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183. Under the circumstances of this case, however, including the general form of the motion, the joinder of grounds which operated merely as a demurrer, and the failure of the court to call for proof, it would, we think, work an injustice on the plaintiff to dismiss the action for its failure then to *prove* that the jurisdictional amount was involved when it did not understand that such proof was then required. Rather the motion should be treated as admitting for the purposes of the motion the detailed averments of the complaint which were not denied and as submitting on the allegations without the production of evidence. Gibbs v. Buck, 307 U.S. 66, 71, 59 S.Ct. 725, 83 L.Ed. 1111. If we mistake the intention of the defendant Seaboard Finance Corporation, we do it no permanent injury, for, if it intended its motion as a traverse of all of the jurisdictional allegations, it can hereafter frame its issues more definitely in its answer to the complaint. Compare Troup v. McCart, 5 Cir., 238 F.2d 289, 293.

■ Jurisdiction is to be tested by the value of the right sought to be protected against interference. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 181, 56 S.Ct. 780, 80 L.Ed. 1135. In a suit to restrain infringement of a trade name in Louisiana, the jurisdictional amount is the value to the plaintiff of its claimed right to prevent the use of such name in that State. Scalise v. National Utility Service, 5 Cir., 120 F.2d 938, 940; many cases collected in Annotation, 30 A.L.R.2d 621. The good will represented by a corporate name or a trade name is intangible and difficult of exact description or valuation. The averments of the present complaint are, we think, amply sufficient to put the parties to their proof as to whether the actual amount in controversy exceeds $3,000, exclusive of interest and costs. Beneficial Industrial Loan Corporation v. Kline, 8 Cir., 132 F.2d 520; Food Fair Stores v. Food Fair, 1 Cir., 177 F.2d 177; Annotation, 30 A.L.R.2d 709.

■ The incorporation of Seaboard Finance Corporation in Louisiana gave it no right to the use of that name if such use would amount to unfair compe-

tition or unfair practice in the use of a trade name. The section of the Louisiana law relating to the right of a domestic corporation to use a particular name, LSA–R.S. 12:4, contains the following limitation:

"E. Nothing in this Section shall abrogate or limit the law as to unfair competition or unfair practice in the use of trade names, nor derogate from the principles of law or the statutes of this state or of the United States with respect to the right to acquire and protect trade names."

Among other averments in the complaint were the following:

"14. Said subscribers to the Articles of Incorporation of defendant, Seaboard Finance Corporation, knew of the operations of plaintiff and of its policy of expansion throughout the United States; and in adopting said corporate name appropriated the good will created in said name by plaintiff's activities, advertising and business conduct.

"15. The reputation of plaintiff is nationwide, and the use of the name 'Seaboard Finance Corporation' by defendant tends to mislead and confuse the public, and particularly borrowers and financial institutions."

Without intimating any view on the merits as they may ultimately be developed by the evidence, we are of the clear opinion that the averments of a purposeful appropriation of plaintiff's corporate name with the intent of deriving benefit from the reputation which plaintiff had acquired were sufficient to state a claim entitling the plaintiff to relief. Buckspan v. Hudson's Bay Co., 5 Cir., 22 F.2d 721, 723; El Chico, Inc. v. El Chico Cafe, 5 Cir., 214 F.2d 721, 725, 726; Food Fair Stores v. Food Fair, 1 Cir., 177 F.2d 177; Lawyers Title Insurance Co. v. Lawyers Title Insurance Corporation, 71 App.D.C. 120, 109 F.2d 35.

■ The ground of the motion to dismiss "that the plaintiff is guilty of laches" was based on the fact that the complaint affirmatively averred that the plaintiff had made a prior attempt to qualify to do business in Louisiana three years earlier, which the Secretary of State had refused on the ground that its name was deceptively similar to that of the defendant Seaboard Finance Corporation. Under such circumstances, we think that the defense of laches, though affirmative, may now be raised by motion to dismiss. 2 Moore's Federal Practice, 2d ed., § 8.28, p. 1698; 6 Id. § 56.17(38), p. 2227; contra, Riley v. Titus, 89 U.S. App.D.C. 79, 190 F.2d 653, 656. Nevertheless, the delay of three years may be explained by the evidence. Compare Huth v. Rosenzweig, La.App., 27 So.2d 742; Devoke v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816, 822. It, therefore, does not appear to a certainty that plaintiff will be entitled to no relief under any state of facts which could be proved in support of its claim. Des Isles v. Evans, 5 Cir., 200 F.2d 614, 615, 616. The issue of laches, we think, should be tried on the proofs rather than the pleadings. DeLoach v. Crowleys, Inc., 5 Cir., 128 F.2d 378, 380.

The judgment of dismissal as against the defendant Seaboard Finance Corporation is reversed, and the cause remanded for further proceedings not inconsistent with this opinion. The costs of appeal are taxed one-half against the appellant and one-half against the appellee Seaboard Finance Corporation.

Affirmed in part and reversed in part.