**Edgardo Serpas MARTINEZ**

v.

**HAZELTON RESEARCH ANIMALS, INC.**

**Civ. No. HM76–1961.**

United States District Court,
D. Maryland.

April 19, 1977.

Harold Krauthamer and Neil B. Katz, Chevy Chase, Md., for plaintiff.

James R. Offutt, Washington, D.C., and Robert S. Hillman and Russell H. Gardner, Baltimore, Md., for defendant.

HERBERT F. MURRAY; District Judge.

Plaintiff, Edgardo Serpas Martinez, filed the instant suit pursuant to 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 1981 alleging that his former employer, Hazelton Research Animals, Inc., discriminated against him "because of his ethnic and racial background." The plaintiff is an Hispanic male. The defendant has moved to dismiss on the ground that the plaintiff has not set forth a claim under 42 U.S.C. § 1981 as the "Plaintiff has made no allegation of racial discrimination." Defendant also moves to strike plaintiff's request for compensatory and punitive damages and to strike plaintiff's request for a jury trial on the ground that neither compensatory or punitive damages nor a jury trial are available in an action under 42 U.S.C. § 2000e, et seq. The latter prong of defendant's motion is premised upon the granting by the court of its motion to dismiss the claim under 42 U.S.C. § 1981.

The motion to dismiss in the present case was filed on March 18, 1977, after the filing by defendant on January 25, 1977 of an answer to the complaint. The defendant advised the court at a scheduling conference on February 24, 1977 that such a motion would be filed, and at that time dates were set for filing of briefs and a hearing on the motion was held on April 7, 1977. The court considers the motion to go to the question of jurisdiction, and therefore under Rule 12(h), the issue is not deemed waived for failure to assert it by motion filed prior to the filing of an answer to the complaint.

■ Defendant's argument on its motion to dismiss is that 42 U.S.C. § 1981 "is limited to discrimination based on race"; that "Hispanic" is not an allegation of race, and that Plaintiff has accordingly failed to state a claim cognizable under § 1981. It seems clear that 42 U.S.C. § 1981 is limited to racial discrimination and does not apply to discrimination on grounds of national origin. *Jones v. United Gas Improvement Corp.*, 68 F.R.D. 1 (E.D.Pa.1975); *Kurylas v. U.S. Department of Agriculture*, 373 F.Supp. 1072 (D.D.C.1974), aff'd without opinion, 169 U.S.App.D.C. 58, 514 F.2d 894 (1975); *National Association of Government Employees v. Rumsfeld*, 413 F.Supp. 1224, 13 F.E.P. Cases 965 (D.D.C.1976); *Gradillas v. Hughes Aircraft Co.*, 407 F.Supp. 865 (D.Ariz.1975); *Marshall v. Plumbers and Steamfitters Local Union 60*, 343 F.Supp. 70, 72 (E.D.La.1972); *Schetter v. Heim*, 300 F.Supp. 1070, 1073 (E.D.Wisc. 1969). Plaintiff's response is essentially twofold. First, that plaintiff has alleged racial discrimination specifically and second, that such allegations are implicit in the allegation that the plaintiff is an Hispanic. Although plaintiff argued in his brief that Section 1981 may be applied to claims of national origin discrimination, plaintiff's main argument more or less concedes that 42 U.S.C. § 1981 does not apply to all such claims. Instead plaintiff argues that discrimination against people of Hispanic origin is so closely allied to racial discrimination as to amount to the racial discrimination prohibited by 42 U.S.C. § 1981.

■ The court cannot accept this proposition. Although it may be, as stated by the Court in *Budinsky v. Corning Glass Works*, 425 F.Supp. 786, 14 FEP 504 (W.D.Pa.1977), that

Hispanic persons and Indians, like Blacks, have been traditional victims of group discrimination and, however inaccurately or stupidly, are frequently and even commonly subject to a 'racial' identification as 'non-whites,'

the court is of the opinion that the mere assertion that the plaintiff is an Hispanic male is an insufficient allegation of racial background to support an allegation of racial discrimination. While it might be true that Hispanic individuals may suffer discrimination closely akin to that experienced by members of the black race, it is not necessarily true of all Hispanic people. As

noted by this court at the time of oral argument on this motion, many people of Hispanic origin cannot be classified as "nonwhites". Therefore, this court finds that the allegation that the plaintiff is an Hispanic male, without more, is an insufficient allegation of racial background to support an allegation of racial discrimination and thus to state a cause of action under 42 U.S.C. § 1981.

In response, plaintiff argues that in addition to alleging that the plaintiff is an Hispanic male, he has specifically alleged that the plaintiff has suffered from racial discrimination. Paragraph 5(a) specifically alleges that he has been discriminated against "because of his ethnic and racial. background." Although this court also construes the plaintiff's allegations of specific acts of discrimination in the remaining paragraphs in paragraph 5 to be due to this dual reason, the court finds that the plaintiff has not sufficiently alleged racial background of the plaintiff in order to support an allegation of racial discrimination under 42 U.S.C. § 1981. As the plaintiff may yet be able to set forth sufficient allegations to state a cause of action under the statute, this court will grant the plaintiff twenty days in which to amend his pleadings to allege adequately the racial background of the plaintiff.

As the remaining portions of the defendant's motion are dependent on this court's determining that the plaintiff has not stated a cause of action for racial discrimination under 42 U.S.C. § 1981, and this court is granting plaintiff leave to amend his complaint, this court will defer ruling on the remaining portions of the motion until such time as the plaintiff either fails to amend his complaint within the time allowed or the amended complaint is filed and withstands any subsequently filed motion to dismiss.