**William D. ARNOLD et al.,**
**Plaintiffs.**

v.

**Bert R. TIFFANY et al., Defendants.**

**Civ. No. 73-312-HP.**

United States District Court,
C. D. California.

March 5, 1973.

G. Joseph Bertain, Jr., Timothy H. Fine, Richard A. Canatella, San Francisco, Cal., and Thomas R. Sheridan, Wallace Rosvall, Los Angeles, Cal., for plaintiffs.

Gibson, Dunn & Crutcher by John J. Hanson, Scott A. Kruse, Los Angeles, Cal., for defendant, The Times Mirror Co.

Lawrence W. Crispo, and William A. Niese, Los Angeles, Cal., for defendant, Wes Spaulding.

## MEMORANDUM AND ORDER
## GRANTING MOTION
## TO DISMISS

PREGERSON, District Judge.

The plaintiffs—seventeen in number—are independent news dealers who distribute The Los Angeles Times pursuant to individual written agreements with The Times Mirror Company. The defendants are The Times Mirror Company, seven of its employees, and Wes Spaulding, a Los Angeles Times dealer.

The complaint for injunctive relief and damages basically asserts that defendants have violated 42 U.S.C. §§ 1981, 1982 and 1985(3) by conspiring to deprive plaintiffs of their right to peaceably assemble for the purpose of forming and maintaining a newspaper dealers' trade association.

On February 26, 1973, the Court heard oral argument on plaintiffs' motion for preliminary injunction. The matter was continued to February 27th for an informal conference with the Court to discuss means of expediting the hearing on plaintiffs' motion in light of their request that the Court hear testimony of numerous witnesses. At that conference, counsel for defendants stated that to test the legal sufficiency of the complaint they intended to file a motion to dismiss under F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Pursuant to an agreement between the Court and counsel, that motion, focusing on the crucial question of the applicability of § 1985(3), was set for hearing on March 2, 1973.

■ The applicability of § 1985(3) is crucial to plaintiffs' claim because it is clear, as plaintiffs' counsel acknowledged, that the cases have shown that §§ 1981 and 1982 are limited to instances of racial discrimination. Jones v. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Sullivan v. Little

Hunting Park, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969); Marshall v. Plumbers and Steamfitters Local Union 60, 343 F.Supp. 70 (E.D.La.1972); Schetter v. Heim, 300 F.Supp. 1070 (E.D.Wis.1969). No such discrimination is asserted in the complaint.

■ Defendants' motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) was heard by the Court on March 2, 1973. For the purpose of ruling on the motion the Court considers as admitted "the well-pleaded material allegations of the complaint." 2A Moore's Federal Practice ¶ 12.08. Having studied the pleadings, the briefs, and the pertinent authorities, and having heard the arguments of counsel, the Court has concluded that plaintiffs' complaint fails to state a claim for relief under §§ 1981, 1982, and 1985(3).

The case that controls the disposition of defendants' motion is Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

In *Griffin* the Court held that § 1985(3) did apply to private conspiracies. The Court, however, carefully limited its holding by stating: "That the statute was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others. * * * The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment." (References omitted). *Griffin, supra* at 101, 102, 91 S.Ct. at 1798.

The Court then explained that "[t]he language [used by the sponsors of the limiting amendment] requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that

there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.[1]" Id. Emphasis in original).

"[1]. We need not decide, given the facts of this case, whether a conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable under the portion of § 1985(3) before us." *Griffin, supra* at 102, n. 9, 91 S.Ct. at 1798 (footnote renumbered) (citations omitted).

In short, "[t]he motivation aspect of § 1985(3) focuses * * * on invidiously discriminatory animus." Id. at note 10. Plaintiffs do not claim that defendants were motivated by racial animus. The critical question which this Court must then decide is what other "kind of invidiously discriminatory motivation"—in addition to racial bias— did the Court have in mind when it used the words "class-based, invidiously discriminatory animus."

A close reading of *Griffin* leads this Court to conclude that the words "class-based, invidiously discriminatory animus" refer, at most, to that kind of irrational and odious class discrimination akin to racial bias—such as discrimination based on national origin or religion. The complaint alleges no such discrimination.

Furthermore, for this Court to conclude that § 1985(3) was intended to embrace the class urged here—a newspaper dealers' trade association—would, in effect, amount to treating that section as a general federal tort law.

Accordingly, defendants' motion to dismiss under F.R.Civ.P. 12(b)(6) is granted, plaintiffs' pending motion for injunctive relief is denied, and the complaint is dismissed.

The Clerk of the Court shall serve copies of this Memorandum and Order, by United States mail, or personally, upon the attorneys of record for the parties appearing in this cause.