**Hector GRADILLAS, Plaintiff,**

v.

**HUGHES AIRCRAFT COMPANY, Defendant.**

No. CIV 74–247–TUC–WCF.

United States District Court,
D. Arizona,
Tucson Division.

April 3, 1975.

John W. Biggers, of Biggers & Enriquez, Tucson, Ariz., for plaintiff.

Arthur W. Pederson, of Shimmel, Hill, Bishop & Gruender, P.C., Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

FREY, District Judge.

This is another in a growing number of cases filed under apparent authority of Title 42, United States Code, Section 2000e, et seq., without any compliance or attempt to comply by either plaintiff or E.E.O.C. with the clear mandatory provisions of the law (42 U.S.C., Sec. 2000e–5).

## FACTS

On December 31, 1974, plaintiff filed a complaint for temporary relief and a motion for a preliminary injunction against defendant. Plaintiff rests his claims upon the 1866 Civil Rights Act, 42 United States Code, Section 1981, and the 1964 Civil Rights Act, 42 United States Code, Section 2000e–2(a) and Section 2000e–3(a). Defendant filed a response to the motion for preliminary injunction and a motion to dismiss on January 27, 1975.

Plaintiff claims he was discharged from his employment with defendant on July 29, 1974, because of his Mexican-American natural origin. Plaintiff further contends that his opposition to various practices of defendant, which were allegedly in violation of Title VII of the Civil Rights Act, contributed to his dismissal from employment.

## ISSUES

Has plaintiff stated a claim upon which relief may be granted under the 1866 Civil Rights Act?

Should plaintiff's motion for preliminary injunction and other relief be dismissed under Rule 12(b), Federal Rules of Civil Procedure, for lack of jurisdiction over the subject matter in dispute?

## DISCUSSION

■ It has been uniformly held that matters of racial discrimination are the only matters which are encompassed within 42 United States Code, Section 1981. *Agnew v. City of Compton,* 239 F.2d 226 (9th Cir. 1957); *Arnold v. Tiffany,* 359 F.Supp. 1034 (C.D.Cal.1973), affirmed 9 Cir., 487 F.2d 216, *cert. denied,* 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881.

In *Schetter v. Heim,* 300 F.Supp. 1070, 1073 (E.D.Wis.1969), the court, referring to 42 United States Code, Section 1981 and Section 1982 stated:

"The clear purpose of these sections is to provide for equality between persons of different races. In order for a plaintiff to predicate an action on ei-

ther of these sections, he must have been deprived of a right which, under similar circumstances, would have been accorded to a person of a different race. These sections are clearly limited to racial discrimination—*they do not pertain to discrimination on grounds of religion or national origin. Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) . . . There being no allegations of racial discrimination in the record of this case, I am of the opinion that in the present action, §§ 1981 and 1982 fail to confer jurisdiction upon this court." (Emphasis Added)

Also, in *Marshall v. Plumbers & Steam Fitters Local Union 60,* 343 F.Supp. 70 (E.D.La.1972), the court held that 42 United States Code, Section 1981 was limited solely to racial discrimination.

"Indeed, it appears that both § 1981 and § 1982 are sufficiently narrow so that *they do not even cover discrimination based on religion, sex, or national origin.* Thus, in *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968), the Supreme Court said that § 1982 'deals only with racial discrimination and does not address itself to discrimination on grounds of religion or national origin.'" 343 F.Supp. at 72. (Emphasis Added)

■ The plaintiff's allegations in the instant matter being based solely on a claim for discrimination based on national origin are not within the confines or scope of 42 United States Code, Section 1981, and therefore, this Court has no jurisdiction to consider any claims thereunder.

Defendant, in its motion to dismiss, contends that this Court has no jurisdiction to hear and determine the claim alleged under the 1964 Civil Rights Act. Defendant supports this contention by asserting: (1) that plaintiff has not exhausted his State remedies, and (2) that plaintiff has not exhausted his administrative remedies under the 1964 Act.

In support of its position that plaintiff has not exhausted his State remedies de-

fendant cites 42 United States Code, Section 2000e–5(c):

"In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no .charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law."

Defendant cites *Abshire v. Chicago & Eastern Illinois Railroad Co.*, 352 F.Supp. 601 (N.D.Ill.1972), in support of the proposition that the requirement of deferral to the state agency is jurisdictional. In that case, the court dismissed the complaint indicating that the plaintiff had never attempted to utilize the state remedies available and, accordingly, the E.E.O.C. could not file the plaintiff's complaint alleging discrimination. Thus, the district court lacked jurisdiction since the E.E.O.C. lacked jurisdiction to hear the allegations.

Citing Arizona Revised Statutes, Title 41, Chapter 9, Articles IV and V, which prohibits discrimination in employment because of race, sex, religious creed, color, national origin, or ancestory of any person, defendant asserts that Arizona is a state having the requisite statutes and commission to compel deferral. Furthermore, the Ninth Circuit has recognized the aforementioned Arizona statutes as compelling deferral. *Crosslin v. Mountain States Telephone and Telegraph Co.*, 422 F.2d 1028 (9th Cir. 1970), *cert. granted*, judgment vacated and remanded for further consideration, 400 U.S. 1004, 91

S.Ct. 562, 27 L.Ed.2d 618 (1971); *Motorola Inc., v. Equal Employment Opportunity Commission*, 460 F.2d 1245 (9th Cir. 1972).

In response to the motion to dismiss, plaintiff has cited *Equal Employment Opportunity Commission v. Wah Chang Albany Corp.*, 499 F.2d 187 (9th Cir. 1974). In that case, the Ninth Circuit held that Rule 8(a), Federal Rules of Civil Procedure, does not require specific allegations in the pleading relating to deferral to state or local agency, either for the purpose of establishing the basis upon which jurisdiction depends or for the purpose of stating a claim showing that the pleader is entitled to relief. The Court further stated, however, that the procedural steps "are most reasonably considered *conditions precedent, . . .* " (Emphasis Added). In *Wah Chang, supra*, the Court also stated:

"A fundamental policy of the Equal Employment Opportunity Act [Act] is to avoid federal action whenever possible by making the state a partner in the enforcement of Title VII."

The Court further stated that issues in regard to lack of deferral are defensive in character and can be resolved readily by motion for summary judgment under Rule 56, Federal Rules of Civil Procedure.

Defendant argues that prior to the institution of a civil action under the 1964 Civil Rights Act, plaintiff must exhaust his Federal administrative remedies. This includes the filing of a charge with the E.E.O.C. and receipt by the plaintiff of a notice of right-to-sue after unsuccessful conciliation attempts. Defendant cites *Gibson v. Kroger Co.*, 506 F.2d 647 (7th Cir. 1974); and *Jefferson v. Peerless Pumps Hydrodynamic*, 456 F.2d 1359 (9th Cir. 1972) for the proposition that receipt of notice of right-to-sue is a jurisdiction prerequisite to a suit under the Act.

Plaintiff cites *Drew v. Liberty Mutual Insurance Company*, 480 F.2d 69 (5th Cir. 1973), in support of his contention that he is entitled to immediate relief, prior to the exhaustion of all administrative

remedies under the Act. That decision involved the filing of a complaint with the Equal Employment Opportunities Commission by the employee, who a few days later filed a private suit in Federal District Court to seek temporary relief pending the administrative action on her complaint with the Commission. A few days after the private suit was filed, the Commission filed its own case against the employer. A hearing in the case filed by the Commission was scheduled, at which time it was determined that the employee was entitled to some immediate temporary relief. Thereupon, the Court dismissed the employee's own private suit, including her request for attorney's fees and an award of court costs against her employer.

The Fifth Circuit reversed the dismissal, rejecting the employer's argument that the 1972 amendment to Title VII, which allowed the E.E.O.C. to sue for temporary relief, excluded the employee from also seeking temporary relief. The Court held that the amendment did not exclude this kind of action by the employee. At page 74, the Court said:

> "We should not lightly assume that Congress sought to do away with the chance that private litigants might in this manner alleviate the burden on the EEOC members and staff in the rare situation when the likelihood of success and the need for immediate assistance would attract competent counsel to act."

*Drew* is the only decided case that establishes that the private employee is not prevented from seeking immediate relief in spite of the potential remedies that might be sought through the Equal Employment Opportunities Commission. It appears that the view adopted in the *Drew* case is contrary to the intent and direction of Congress. The Ninth Circuit has never adopted the view expressed in *Drew*.

■ Thus, it appears in the Ninth Circuit, the existence and service of the notice of a properly issued right-to-sue letter is a jurisdictional prerequisite to plaintiff's suit.

■ Plaintiff filed an affidavit advising the Court that a right-to-sue letter would be presented at oral hearing, March 10, 1975. Such a letter was issued by E.E.O.C. on February 12, 1975. However, it was issued *after* the expiration of the sixty-day period required by the state statute within which to file a complaint (A.R.S. 41–1481) and without E.E.O.C. ever having referred the matter to the state agency. Plaintiff claims to have been discharged from employment on July 29, 1974. He filed his complaint with E.E.O.C. on November 18, 1974, and filed this suit on December 31, 1974. It appears that both plaintiff and E.E.O.C. have bypassed the state remedies in this case. From a reading of Title VII of the Civil Rights Act of 1964 and the legislative history such was not to be done. It was not contemplated that another federal cause of action was to be created without compliance with certain jurisdictional prerequisites therein clearly enunciated. Defendant asserts that the E.E.O.C. has no jurisdiction to issue a right-to-sue letter until the expiration of sixty days from the date that deferral is made to the appropriate state agency. According to defendant, any notice of right-to-sue issued prior to March 27, 1975, sixty days after deferral to the State of Arizona, is of no force and effect, having been issued without jurisdiction. Plaintiff counters this assertion by alluding to the cases cited in footnote 3 of *Equal Employment Opportunities Commission v. Wah Chang Albany Corp.*, *supra*, which provide that jurisdiction should be retained for a period sufficient to allow the employee to seek redress through appropriate state agency. In other words, this Court's jurisdiction on the ultimate action can be upheld, pending State proceedings. In the case at hand, this would be useless procedure because the state can no longer act since the time limitation required by state law has expired.

■ Where, as here, it is clear from plaintiff's pleadings that the jurisdictional and procedural prerequisites are lacking, the motion to dismiss is well taken.

Neither E.E.O.C., plaintiff, nor the Court should ignore the clear mandate of Congress and attempt to bypass the procedural prerequisites to the filing of this type of suit. To do so subverts one very important purpose of the Act which was to provide procedures to simply and expeditiously process complaints, falling within the scope of the Act, at the administrative level.

In *Love v. The Pullman Company*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679, the Court stated that "A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964 [78 Stat. 253], may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief."

### CONCLUSIONS

1. Plaintiff has failed to state a claim on which relief may be granted under the 1866 Civil Rights Act, 42 U.S.C., Section 1981.

2. The existence and service of a properly issued right-to-sue letter, is a jurisdictional prerequisite to plaintiff's suit. Such letter can only be issued in Arizona cases after deferral to the state and after expiration of the sixty day deferral period.

3. Plaintiff's motion for preliminary injunction and claim for other relief should be dismissed for lack of jurisdiction.

It is ordered that defendant's Motion to Dismiss, is granted; this action is dismissed.

It is further ordered that the Clerk of this Court forthwith mail a copy of this Memorandum and Order to all counsel of record.