**John J. BUDINSKY, Plaintiff,**

**v.**

**CORNING GLASS WORKS, Defendant.**

**Civ. A. No. 76–958.**

United States District Court,
W. D. Pennsylvania,
Civil Division.

Jan. 27, 1977.

James H. Logan, Pittsburgh, Pa., for plaintiff.

Scott F. Zimmerman, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

TEITELBAUM, District Judge.

This is an action for employment discrimination brought by plaintiff John J. Budinsky against his former employer, defendant Corning Glass Works.

Budinsky was employed by defendant from August, 1959 until his discharge in August, 1975. The complaint alleges that plaintiff was subjected by defendant to a policy, practice or custom of employment discrimination based solely on his Slavic national origin.

The specific discriminatory treatment by Corning averred in the complaint includes: demoting and ultimately discharging plaintiff; assigning plaintiff to a plant location and job position where it was impossible for him to achieve as high an income as if he had been assigned to a more favorable plant location; denying plaintiff the opportunity to transfer to another plant location or job position; failing to promote plaintiff and to raise his wages; attempting to coerce plaintiff to perform unreasonable duties and calling him a derogatory name; imposing upon· plaintiff unreasonable and arbitrary conditions which he had to meet to retain his employment; and discriminating against plaintiff in a fashion which deprived him of the opportunity for further employment.

Plaintiff contends that all of the aforementioned terms and conditions of work and the advantages, benefits and rights allegedly denied him by defendant were available to his similarly situated counterparts who were not of Slavic origin. He asserts jurisdiction for the instant lawsuit under: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; (2) the Civil Rights Act of 1870, 42 U.S.C. § 1981; and (3) the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

The merits of plaintiff's allegations are not now before me. The only matter presently before the Court is a motion to dismiss filed by defendant pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Specifically, defendant Corning moves to dismiss plaintiff's complaint (1) to the extent that it depends upon the provisions of 42 U.S.C. § 1981, and (2) to the extent that it seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and F.R.Civ.P. 57.

As to § 1981, defendant argues that allegations of discrimination based on national origin are not cognizable under that statute, and that the Court lacks subject matter jurisdiction to entertain thereunder a claim of discrimination based on national origin. As to declaratory relief, defendant contends that the same is inappropriate in this case because a special statutory proceeding has been provided for the determination of rights and duties arising under Title VII.

The parties have briefed these questions ably and candidly. After due consideration of their respective positions, I have concluded that defendant's motion should be granted and the complaint dismissed to the extent that it is grounded upon either 42 U.S.C. § 1981 or 28 U.S.C. §§ 2201 and 2202.

## I

As a general matter, it is noted that consideration of the issues now before this Court is necessarily colored by a natural antipathy towards any form of class-based discrimination. Such activity is hardly to be nourished or ignored; where it is averred, a due regard for the shared ideals of our society impels an initial inclination to foreclose no remedial path to the alleged discriminatee.

The question here, however, is in large part whether the federal courts need or should open the door to a new remedial alternative in the area of employment discrimination where Congress already has provided a specific, far-reaching remedy in

Title VII.[1] I think that question must be answered in the negative. The perceived needs that prompted vast judicial expansion of the coverages of §§ 1983 and 1985(3) of Title 42, U.S.C., are not apparent in the area of employment discrimination in post-1964 America. We start from the fundamental premise that plaintiff Budinsky has a full and complete remedy available under Title VII.

## II

Plaintiff herein asserts that defendant Corning is in violation of 42 U.S.C. § 1981. However, plaintiff alleges a case of discrimination based not on race, but rather solely on his Slavic national origin. Discrimination grounded on national origin—or, indeed, on anything but "race" (see discussion of the term at pp. 788–789, *infra*)—is not now cognizable under § 1981, and plaintiff has advanced no compelling reason why, in light of Title VII, this Court should expand the ambit of the statute to cover alleged employment discrimination based entirely on non-racial factors.

Plaintiff does not really dispute the proposition that both the language[2] and history of § 1981 reflect an exclusive concern with racial equality, or that the courts have consistently rejected efforts to expand the scope of the statute to cover allegations of other, nonracially-based forms of discrimination. See, *e. g., Jones v. United Gas Improvement Corp.,* 12 FEP Cases 344 (E.D. Pa.1975)[3]; *Kurylas v. Dept. of Agriculture,*

---

1. There is of course no doubt that Title VII makes it unlawful for an employer to engage in discriminatory employment practices on the basis of, *inter alia*, national origin. 42 U.S.C. § 2000e–2(a)(1).

2. Section 1981 of Title 42, U.S.C., provides as follows: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

3. In *Jones, supra,* the question was whether *vel non* § 1981 was applicable to alleged discrimination against Spanish-surnamed individuals. Because the purported discrimination was based solely on the plaintiffs' national origin, the court concluded that § 1981 was inapplicable, reasoning that: "the provisions of 42 U.S.C. § 1981 are limited in their application to discrimination, the effect of which is to deny to any person within the jurisdiction of the United States any of the rights enumerated in that section, to the extent that such rights are enjoyed by white citizens of this nation. Discrimination on other grounds, such as religious, sex, or national origin, to which white citizens may be subject . . . is not proscribed by the statute." 12 FEP Cases at 353.

373 F.Supp. 1072 (D.D.C.1973)[4]; *Gradillas v. Hughes Aircraft* 407 F.Supp. 865 (D.Ariz. 1975).[5] See also *Schroeder v. State of Illinois*, 354 F.2d 561, 562 (7th Cir. 1965); *Agnew v. City of Compton*, 239 F.2d 226, 230 (9th Cir. 1956); *Arnold v. Tiffany*, 359 F.Supp. 1034 (C.D.Cal.1973), *aff'd*, 9 Cir., 487 F.2d 216.

Rather, plaintiff proffers, *inter alia*, a rather sophisticated argument based essentially upon a coupling of those few cases which have cautiously extended the reach of § 1981 with a not uninformative sociological examination of the dubious utility of our traditional definitions of "race." Thus, plaintiff submits, § 1981 should not stand alone among the post-war Civil Rights Acts as frozen by a wording and legislative history written before the great influx of white European immigrants to this country, but should be expanded to protect all groups of potential discriminatees who are identifiable as a "race" or "nationality," or by "national origin."

Plaintiff notes that the coverage of § 1981 has in fact been extended beyond blacks, to United States citizens of Puerto Rican descent, *Maldonado v. Broadcast Plaza, Inc.*, 10 FEP Cases 839 (D.Conn.1974), and to other Spanish-surnamed or Hispanic persons, *Miranda v. Clothing Workers, Local 208*, 10 FEP Cases 557 (D.N.J.1971), as well as to whites. *E. g.*, *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). Given this existing expansion of the statute in question, plaintiff argues, and in view of the questionable validity and utility of traditional distinctions between "race" and "national origin," there is no reason that the coverage of § 1981 should not be extended to an alleged discriminatee of Slavic (or Italian or Irish or Jewish) origin.

Plaintiff's argument is not wholly devoid of merit. It ultimately is doomed, however, by its failure to employ a more pragmatic, less scientific approach, and by its conspicuous failure to measure the impact of Title VII.

The terms "race" and "racial discrimination" may be of such doubtful sociological validity as to be scientifically meaningless, but these terms nonetheless are subject to a commonly-accepted, albeit sometimes vague, understanding. Those courts which have extended the coverage of § 1981 have done so on a realistic basis, within the framework of this common meaning and understanding. On this admittedly unscientific basis, whites are plainly a "race" susceptible to "racial discrimination;" Hispanic persons and Indians, like blacks, have been traditional victims of group discrimination, and, however inaccurately or stupidly, are frequently and even commonly subject to a "racial" identification as "nonwhites." There is accordingly both a practical need and a logical reason to extend § 1981's proscription against exclusively "racial" employment discrimination to these groups of potential discriminatees.

The same cannot be said with regard to persons of Slavic or Italian or Jewish origin. These groups are not so commonly identified as "races" nor so frequently subject to that "racial" discrimination which is the specific and exclusive target of § 1981. Members of these groups, like plaintiff Budinsky, do not properly fall within the coverage of the statute.

We wish to re-emphasize our starting point: The above result might be entirely

4. In *Kruylas, supra,* a white Polish-American employee claimed to have been discriminated against because of national origin. The Court refused to permit the plaintiff to maintain an action against his employer under § 1981, noting that: "Our research has not uncovered a single case which has entertained a § 1981 suit that did not allege some form of racial discrimination. The Court concludes that the plaintiff's allegation of discrimination due to his national origin is insufficient to sustain a cause of action under § 1981 and that his § 1981 action should therefore be dismissed." 373 F.Supp. at 1076.

5. In *Gradillas, supra,* where the plaintiff claimed that he was discharged from his employment because of his national origin, the court held that discrimination based solely on national origin was not within the scope of § 1981.

different were it not for the brief but robust existence of Title VII. That legislation provides a thorough remedy for victims of employment discrimination based on, *inter alia,* national origin. If, as alleged, plaintiff is in fact such a discriminatee, Congress has provided him and others like him with a comprehensive means of redress. For this reason, there is neither need nor justification for judicially legislating § 1981 beyond the specific, prevalent and arguably more difficult mode of employment discrimination to which it is directed.

Section 1981 covers employment discrimination based upon race or upon what (perhaps from the point of view of the discriminator) might pragmatically be deemed as "race." It does not cover plaintiff. He alleges discrimination against him by the defendant-employer not because he is white *per se,* but because he is Slavic. If he is entitled to a remedy, that remedy lies under Title VII.

I find that plaintiff Budinsky has failed to state a cause of action under 42 U.S.C. § 1981. Accordingly, that portion of his complaint which relies on § 1981 will be dismissed.

### III

We turn, finally and briefly, to defendant Corning's contention that the Court should also dismiss that portion of Budinsky's complaint which seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 on grounds that such relief is inappropriate where a specific statutory remedy (here, Title VII) is available. Noting parenthetically plaintiff's candid concession that his claim for declaratory relief should be dismissed if he is deemed not to have stated a claim under § 1981, I agree. See the recent decision by Judge McCune of this Court in *Wilson v. Sharon Steel Corp.,* 399 F.Supp. 403 (W.D.Pa.1975); *Roberson v. Great American Ins. Co. of New York,* 48 F.R.D. 404 (N.D.Ga.1969). See also, Notes of the Advisory Committee on F.R.Civ.P. 57; *Katzenbach v. McClung,* 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964).

Accordingly, that portion of the complaint which relies upon the Declaratory Judgment Act will also be dismissed.

An appropriate Order will be entered in accordance with this Opinion.