Miguel A. VERA and Martin C. LaBoy, Plaintiffs,

v.

BETHLEHEM STEEL CORPORATION et al., Defendants.

Civ. A. No. 77–43.

United States District Court, M. D. Pennsylvania.

March 23, 1978.

Bruce E. Cooper, Cooper & Butler, Harrisburg, Pa., for plaintiffs.

McNees, Wallace & Nurick, H. Lee Roussel, J. Thomas Menaker, Harrisburg, Pa., A. E. Lawson, Pittsburgh, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

Plaintiffs, persons of Puerto Rican background, brought this civil rights action against their employer, Bethlehem Steel Corporation, and against both the United Steelworkers of America and Local 1688 of that union. Presently before us are motions by both Defendant unions and Defendant Bethlehem Steel, to dismiss the claim based upon 42 U.S.C. § 1981, and also motions by Defendant Bethlehem Steel for a more definite statement and for a dismissal of the claim based upon 42 U.S.C. § 2000e, et seq., Title VII of the Civil Rights Act of 1964. The Defendants' motions will be granted in part and denied in part.

*Claim Under § 1981*

Section 1981 of Title 42, United States Code, provides that "(a)ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens". Challenges to racial discrimination in private employment are properly brought under 42 U.S.C. § 1981. *Johnson v. Railway Express Agency, Inc.,*

421 U.S. 454, 459–60, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Young v. International Telephone and Telegraph*, 438 F.2d 757, 759 (3d Cir. 1971). Plaintiffs alleged they have been discriminated against based on the fact that they are of Puerto Rican background, and have attempted to sue under 42 U.S.C. § 1981.

The Defendants have moved to dismiss this claim for failure to state a claim upon which relief can be granted pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendants' position is that alleged discrimination against Puerto Ricans states a cause of action for discrimination based on national origin and not for racial discrimination. The question becomes whether an allegation of discrimination based upon Puerto Rican background states a cause of action for racial discrimination under 42 U.S.C. § 1981. If the allegation amounts to discrimination based upon national origin, rather than race, the Plaintiffs have failed to state a cause of action under 42 U.S.C. § 1981. In *Budinsky v. Corning Glass Works*, 425 F.Supp. 786 (W.D.Pa.1977) a white employee's allegation of discrimination based on his Slavic national origin failed to state a cause of action under 42 U.S.C. § 1981. Likewise in *Kurylas v. United States Department of Agriculture*, 373 F.Supp. 1072 (D.D.C.1974), an allegation of discrimination against a Polish American failed to state a cause of action under 42 U.S.C. § 1981. Allegations of sex discrimination have also been held not covered by 42 U.S.C. § 1981. *See*, e. g., *Abshire v. Chicago & E.I.R. Co.*, 352 F.Supp. 601 (N.D.Ill.1974); *Olson v. Rem-*

*brandt Printing Co.*, 375 F.Supp. 413 (E.D. Mo.1974).

The United States Supreme Court has held in *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) that 42 U.S.C. § 1982, which has a similar legislative history to that of 42 U.S.C. § 1981, deals only with racial discrimination and not discrimination based upon religion or national origin.[1] The Plaintiff's complaint appears to be relying on an assertion of national origin discrimination. Paragraphs 2 and 3 speak of "Puerto Rican origin", paragraph 8 refers to "classification because of their national origin", paragraph 9 refers to "foreign ethnic origin", and paragraphs 10 and 11 speak of "ethnic origin".

There has been a sharp split in the various district court opinions as to whether an allegation of discrimination based on Hispanic background, either Mexican, Cuban or Puerto Rican involves racial discrimination. In *Jones v. U.G.I. Corporation*, 68 F.R.D. 1, 11–15 (E.D.Pa.1975), the Court provided an exhaustive review of the legislative history of 42 U.S.C. § 1981 and concluded that discrimination against Spanish surnamed individuals of Puerto Rican background were claims based on national origin discrimination and dismissed their claim under 42 U.S.C. § 1981.[2]

We believe that several cases which have been cited as authority for the proposition that Puerto Ricans can bring an action for racial discrimination under 42 U.S.C. § 1981 do not provide strong support for that proposition. In *Sabala v. Western Gillette, Inc.*, 362 F.Supp. 1142, 1147 (S.D.Tex.1973), the

---

**1.** For discussions of the legislative history of 42 U.S.C. § 1981 *see, Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) and *Jones v. U.G.I. Corporation*, 68 F.R.D. 1, 11–115 (E.D.Pa.1975).

**2.** Accord, e. g., *Vazquez v. Werner Continental*, 429 F.Supp. 513 (N.D.Ill.1977) (Mexican national origin); *National Association of Government Employees v. Rumsfeld*, 413 F.Supp. 1224, 1228 (D.D.C.1976) (Spanish American government employees); *Gradillas v. Hughes Aircraft Company*, 407 F.Supp. 865 (D.Ariz.1975) (Mexican American).

Contra e. g., *Ortega v. Merit Insurance Co.*, 433 F.Supp. 135 (N.D.Ill.1977) (brown-skinned Hispanics); *Enriquez v. Honeywell, Inc.*, 431 F.Supp. 901 (W.D.Okl.1977) (Hispanic Americans); *Budinsky v. Corning Glass Works*, 425 F.Supp. 786 (W.D.Pa.1977) (dictum discussing Indians and Hispanic persons); *Gomez v. Pima County*, 426 F.Supp. 816 (D.Ariz.1976) (Mexican American "of brown race or color"); *Cubas v. Rapid American Corp., Inc.*, 420 F.Supp. 663 (E.D.Pa.1976) (Cuban born naturalized American citizen); *Sabala v. Western Gillette, Inc.*, 362 F.Supp. 1142 (S.D.Tex.1973) (Mexican-Americans).

Defendant had stipulated to jurisdiction under 42 U.S.C. § 1981, and in *Hernandez v. Erlenbusch*, 368 F.Supp. 752, 755 (D.Or. 1973), the applicability of 42 U.S.C. § 1981 was uncontested. In *Miranda v. Clothing Workers, Local 208*, 10 FEP 557 (D.C.N.J.), *Maldonado v. Broadcast Plaza, Inc.*, 10 FEP 839 (D.Conn.1974), and *Puerto Rican Council v. Metromedia, Inc.*, 10 FEP 1009 (S.D.N. Y.1975), the courts relied on the *Sabala* and *Hernandez* holdings although they were not adversary determinations.· In addition, Plaintiff has cited three Fifth Circuit cases which we find to be inapposite. *Herrera v. Yellow Freight System, Inc.*, 505 F.2d 66 (5th Cir. 1974), and *Resendis v. Lee Way Motor Freight*, 505 F.2d 69 (5th Cir. 1974) were decided under Title VII of the Civil Rights Act of 1964. In *Sagers v. Yellow Freight System, Inc.*, 529 F.2d 721 (5th Cir. 1976) the suit involved a class action by black employees under Title VII and 42 U.S.C. § 1981. Brief mention is made of Hispanics as possible class members and victims of racial discrimination in footnote 28 which contains the statement "although Mexican Americans have often been the victims of racial discrimination . . . (citing *Herrera* and *Resendis*) there is no legal requirement that every class include all victims of racial discrimination".

In a recent case involving a Cuban-American in the Eastern District of Pennsylvania, *Cubas v. Rapid American Corp., Inc.*, 420 F.Supp. 663 (E.D.Pa.1976), the court avoided the determination as to whether discrimination against Hispanics constituted racial discrimination by stating:

"National origin discrimination is actionable only to the extent that it is motivated by, or indistinguishable from racial discrimination . . . Hispanic Americans claiming that they have been discriminated against in violation of § 1981 are entitled to introduce evidence to prove that the alleged discrimination was racial in character. *Maldonado v. Broadcast Plaza, Inc.*, 10 FEP cases 839 (D.Conn. 1974); *Miranda v. Clothing Workers*

*Local 208*, 10 FEP cases 557 (D.N.J.1974). We cannot find, as a matter of law, that the alleged discrimination against the plaintiff as a Cuban-American did not contain elements of racial discrimination." (footnote omitted) 420 F.Supp. 663, 665, 666.

Recognizing that Puerto Rican-Americans, Cuban-Americans, Mexican-Americans, and other Hispanic peoples have at times undergone a discrimination like unto racial discrimination, this Court is not prepared to hold that Plaintiffs, being of Puerto Rican background, have stated a cause of action for racial discrimination as required under 42 U.S.C. § 1981. As we noted earlier, the complaint seems to rest on allegations of national origin discrimination. Title VII prohibits discrimination based on national origin, 42 U.S.C. § 2000e–2, and as stated in *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973), national origin as used in Title VII refers to the country where a person was born or more broadly, the country from which his or her ancestors came. 414 U.S. at 88, 94 S.Ct. at 336, 38 L.Ed.2d 287.

We agree with the holding in *Jones v. United Gas Improvement Corp.*, 68 F.R.D. 1, 11–15 (E.D. Pa.1975) in which the Plaintiffs asserted that 42 U.S.C. § 1981 was applicable to Spanish surnamed persons. The court said, "a careful examination of the wording of the statute, its legislative history, and the most persuasive judicial authority convinces us that this contention is without merit".

■ For the above reasons, the action based on 42 U.S.C. § 1981 will be dismissed for failure to state a claim upon which relief can be granted. It is therefore unnecessary to reach the Defendants' contention that 42 U.S.C. § 1981 requires an allegation of state action, although we do note that it has been held by the Third Circuit that no such averment is necessary. *Young v. International Telephone and Telegraph Company*, 438 F.2d 757 (3d Cir. 1971).[3] Be-

---

**3.** Also *see, Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295

(1975) and *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976), holding

cause this portion of the complaint is dismissed, it is unnecessary to reach Defendant Bethlehem Steel's objection to the specificity of the claim and their contention that such an action would be barred by the applicable state statute of limitations.

## TITLE VII ACTION
### Right to Sue Letter

Defendant Bethlehem Steel asserts that the right to sue letters issued to Plaintiffs in this case are invalid because they were issued within 180 days of the filing of the charges of discrimination with the EEOC in violation of 42 U.S.C. § 2000e–5(f)(1). The jurisdictional pre-requisites to a suit under Title VII are filing of charges with the EEOC and the receipt of the Commission's statutory notice of the right to sue. *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394 (3d Cir. 1976). As explained in *Ostapowicz*, the preliminary steps are essential parts of the statutory plan, designed to correct discrimination through administrative conciliations and persuasion if possible, rather than by formal court action. Because of an outstanding consent decree involving the parties to this case, it appears that investigation and conciliation by the EEOC for these Plaintiffs would have been impossible.

The Plaintiffs filed their charges with EEOC on May 10, 1976. Right to sue letters were issued on November 4, 1976, with the stated reason "consent decree". This reference is to a consent decree entered into in the United States District Court for the Northern District of Alabama entitled "Consent Decree I", on April 12, 1974 in Civil Action No. 74–P339. The Plaintiffs in the case were the United States, by William B. Saxbe, the then Attorney General, and Peter J. Brennan, then Secretary of Labor. Also included as a plaintiff was the EEOC. Bethlehem Steel was one of a number of defendants who allegedly participated in a pattern or practice of resistance to the full enjoyment of the right to equal employment opportunities without distinction based on race, color, sex, or national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and in violation of their contractual obligations under Executive Order 11246, as amended, not to discriminate in employment on the basis of race, color, sex, or national origin. Defendants denied these allegations but wished to avoid the time and expense of protracted litigation, and so they consented to service in that judicial district and to the entry of a decree, which among other things, was meant to resolve all charges and complaints filed with and pending before EEOC as of the date of the decree.

The Plaintiffs in this case were "affected parties" within the meaning of paragraph 18(c) of that consent decree. The EEOC agreed under the consent decree to specified relief for these two Plaintiffs, and being bound by the terms of the consent decree, the EEOC could not bring further action on behalf of these "affected parties". The Plaintiffs refused to sign the release as specified in paragraph 18(g) of the consent decree and brought an action before the EEOC.[4]

 Plaintiffs chose to forgo their rights under the consent decree, and decided to sue. They filed before the EEOC, but the EEOC was bound by the consent decree and could afford them no relief. It would have been a futile gesture for EEOC to hold onto the case for the full 180 days before issuing a right to sue letter. Therefore, we reject Defendant's objection on this ground. *See, Bauman v. Union Oil Co.*, 400 F.Supp. 1021 (D.Cal.1973); Federal Regulation of Employment Service (FRES), Job Discrimination § 3:106(2).

---

that private discrimination in employment and education is actionable under 42 U.S.C. § 1981.

**4.** The consent decree provides in paragraph 18(g):

"If an affected employee does not accept the back pay tendered and execute such a release within the applicable time limit (30 days), such employee shall not be entitled to any payment of back pay hereunder, and the company by which he is employed and the union shall be relieved of all liability with respect to the back pay otherwise payable to such affected employee. . . . "

*Timeliness*

■ Defendant Bethlehem Steel has averred that the complaint does not state a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., because certain allegations of discrimination concerning hiring, initial job referral and assignment, and initial employment testing concern things which occurred in 1951 when Plaintiffs were hired and assigned to their jobs, and these events were therefore prior to July 2, 1965, the effective date of Title VII. Plaintiffs correctly point out in their brief that proof of practices which took place before the effective date of Title VII are relevant antecedents which can help explain and prove allegations of present discriminatory practices. *United States v. Jacksonville Terminal Company,* 451 F.2d 418 (5th Cir. 1971).

■ The argument by Defendant Bethlehem Steel that certain of Plaintiffs' claims are barred by the applicable state statute of limitations is incorrect. A court does not look to state statutes of limitation under 42 U.S.C. § 2000e, et seq., since Title VII has its own time limitation in 42 U.S.C. § 2000e–5, which provides that a charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice. *Pierre v. Catalytic, Inc.,* 430 F.Supp. 1180 (E.D.Pa.1977).

As Defendant Bethlehem Steel has pointed out in its motion to dismiss, the allegation in paragraph 19 of the complaint that "(t)he discrimination has continued to the present in that the Plaintiffs have not been compensated for the loss and injury suffered by them" is misleading in terms of an allegation of a continuing violation. It is the violation and not the lack of compensation therefore which must be continuing. Defendant Bethlehem Steel argues that there is no allegation of a violation within the 180 days preceding the filing of Plaintiffs' claim with EEOC and therefore the complaint fails to state a claim upon which relief can be granted.

■ We believe that Plaintiffs, regardless of paragraph 19 of the complaint, have pleaded a continuing violation in the complaint so as to withstand a motion to dismiss. Paragraph 8 states that both Plaintiffs were originally assigned to and have been denied advancement from positions as unskilled laborers because of discriminatory policies. Paragraph 9 refers to discriminatory policies which were of a continuing nature, and paragraphs 2 and 3 aver that Plaintiffs have continued in their positions to the present. Although the complaint is not absolutely clear on this point, the language in the complaint indicates an allegation of a continuing violation, and allegations of continuing discrimination are sufficient to defeat a motion to dismiss. *Bethel v. Jendoco Construction Corporation,* 570 F.2d 1168, (3d Cir. 1978, per Garth, J.) On a 12(b)(6) motion we are obliged to accept the allegations of the complaint as true, and we do not believe it is obvious from the face of the complaint that the action is time barred.

*Scope of the Charges of Discrimination*

Defendant Bethlehem Steel has averred that allegations of discrimination other than in hiring, job assignment, and seniority, are beyond the scope of the charges filed by Plaintiffs with the EEOC. The general rule is that the scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394 (3d Cir. 1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). *Hicks v. Abt Associates Inc.,* No. 75–1425, 572 F.2d 960 (3d Cir. 1978, per Hunter, J.)

The administrative scheme of Title VII would be frustrated "if the filing of a limited claim of discrimination with the EEOC were sufficient to satisfy the jurisdictional requirements for a broad suit alleging discrimination in all facets of an employer's operation". *Dupree v. Hertz Corp.,* 419 F.Supp. 764, 768 (E.D.Pa.1976). Therefore we must determine if the allegations of the complaint are ones which are included in or could reasonably be expected to grow out of the charges filed before the EEOC.

Plaintiffs filed identical charges with the EEOC (Complaint Exhibits D and F). They alleged as follows:

"1. At the time I was hired I was assigned to a work unit which had a disproportionately large number of minority employees.

2. Since the time of my hiring, I have been continuously discriminated against by the above-named groups acting either individually or in concert, through their maintenance of a seniority system which discriminates against minority employees.

3. As a result of said initial and continuing discrimination, I hereby request compensation for all I have suffered."

Apparently the major reason why there was no EEOC investigation or attempt at conciliation in this case was the consent decree which had been entered against Bethlehem Steel Corporation aimed at promotional and transfer possibilities. Consent Decree, Paragraph 3, "Purpose and Scope".

On February 18, 1976, Plaintiffs were offered checks which contained on them releases as the result of the consent decree entered into by the Defendants in this case and the offer was made by the Defendants. The Plaintiffs refused to accept this settlement and instead filed a complaint before the EEOC. EEOC was one of the parties to the consent decree, and so they marked the 180-day letters to Defendants issued because of "consent decree".

█ Because EEOC did not process the claim it is impossible to determine what would have grown out of its investigation. It is not unlikely that matters relating to the consent decree would have been part of the focus of this investigation, including Defendant Bethlehem Steel's promotion and transfer policies. We are of the opinion that advancement, testing, and performance rating are related closely enough to promotion and transfer possibilities as to also be considered to have been likely to grow out of any EEOC investigation.

The expectable scope of an EEOC investigation is very broad. *Campbell v. A. C. Peterson Farms, Inc.*, 69 F.R.D. 457 (D.Conn.1975), and charges of discrimination in job classifications, promotions and employee evaluation systems implicitly bring under scrutiny all practices and policies relating to current employees. *Jiron v. Sperry Rand*, 423 F.Supp. 155 (D.Utah 1975). The scope of the original charge should be liberally construed. *Hicks v. Abt Associates, Inc.*, No. 75–1425, 572 F.2d 960 (3d Cir. 1978, per Hunter, J.).

We believe that all charges in the complaint could reasonably have been expected to grow out of the actions complained of in the initial EEOC complaint.

TITLE VII
*Sufficiency of Factual Allegations*

█ Defendant Bethlehem Steel has moved to dismiss the complaint on the ground that it does not allege sufficient facts to state a claim for a violation of 42 U.S.C. § 2000e–5. They have also filed a motion for more definite statement. The allegations in the complaint state a cause of action and are adequate to give notice to the Defendants as to which aspects of their operations are to be the subject of this case. These motions will be denied.