Franklin D. R. REESE, Plaintiff,

v.

ABBOTT LABORATORIES, Defendant.

No. 78 C 1538.

United States District Court,
N. D. Illinois, E. D.

Oct. 17, 1978.

James T. Ryan, Chicago, Ill., for plaintiff.

William W. McKittrick, Chicago, Ill., Vedder, Price, Kaufman & Kammholz, Chicago, Ill., (of counsel), for defendant.

## DECISION ON DEFENDANT'S MOTION TO DISMISS CLAIM OF RELIGIOUS DISCRIMINATION

McMILLEN, District Judge.

Franklin D. Reese filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against his former employer, Abbott Laboratories, alleging that he was discharged because of his race and color. This court has jurisdiction over the matter, plaintiff having received a Right to Sue Letter from the Equal Employment Opportunity Commission on February 16, 1978. Plaintiff seeks reinstatement and back pay.

On May 30, 1978, court-appointed counsel for plaintiff filed an Amended Complaint. Therein he cites 42 U.S.C. § 1981 as an alternative statutory basis for his cause of action and adds allegations of religious discrimination. The Amended Complaint also adds a prayer for $500,000 compensatory and punitive damages. Defendant answered the Amended Complaint on June 22, 1978, at which time it also filed the instant Motion to Dismiss the Allegations of Religious Discrimination from the Amended Complaint.

The parties agree that plaintiff cannot litigate his claim of religious discrimination in this court under Title VII since he failed to make such allegations to the E.E.O.C. which issued his Right to Sue Letter. The only issue before us, then, is whether 42 U.S.C. § 1981 provides a cause of action for religious discrimination.

42 U.S.C. § 1981 provides in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . .

Defendant maintains that, by virtue of the phrase "as is enjoyed by white citizens," the foregoing provision creates a cause of action for racial discrimination only. We agree.

Although the Supreme Court has not addressed itself directly to this point, dicta from at least two of its decisions indicate that the Court understands § 1981 to be limited to racial discrimination. In *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), involving the applicabili-

ty of a statute providing for removal from state to federal courts of certain criminal prosecutions implicating defendants' civil rights, the Court had occasion to examine the legislative history of § 1981. It found:

> The legislative history of the 1866 Act [which includes § 1981] clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality. . . . That phrase ["as is enjoyed by white citizens"] was later added in committee in the House, apparently to emphasize the racial character of the rights being protected.

*Id.* at 791, 86 S.Ct. at 1789, (dictum). More recently, in *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976), in the course of holding § 1981 applicable to racial discrimination directed against whites as well as blacks, the Court twice approved the above quoted dictum, *id.* at 289, 293, 96 S.Ct. at 2583, 2584, consistently emphasizing the "racial character" of the rights protected by § 1981:

> [T]he Act was meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race.

*Id.* at 295, 96 S.Ct. at 2586.

Several district courts and at least two other circuit courts of appeals have declared § 1981 to be limited to redressing acts of racial discrimination. *E. g., Patterson v. American Tobacco Co.*, 535 F.2d 257, 270 (4th Cir. 1976), *cert. den.* 429 U.S. 920, 97 S.Ct. 314, 50 L.Ed.2d 286 (1976); *Brady v. Bristol-Meyers, Inc.*, 459 F.2d 621, 623 (8th Cir. 1972); *Budinsky v. Corning Glass Works*, 425 F.Supp. 786 (W.D.Pa.1977); *see Ortega v. Merit Ins. Co.*, 433 F.Supp. 135, 138–39 (N.D.Ill.1977).

Moreover, cases relied on by plaintiff are inapposite. *Gannon v. Action*, 303 F.Supp. 1240 (E.D.Mo.1969), *aff'd on other grounds*, 450 F.2d 1227 (8th Cir. 1971), and *Central Presbyterian Church v. Black Liberation Front*, 303 F.Supp. 894 (E.D.Mo.1969), both find a cause of action under § 1981 for harassment of white church congregants by a black organization demanding reparations for past racial discrimination; but neither court made any mention of religious discrimination as a basis for its holding. In fact, the Eighth Circuit has since held § 1981 to apply to racial discrimination only. *Brady v. Bristol-Meyers, supra.* A third case relied on by plaintiff, *United States ex rel. Washington v. Fay*, 217 F.Supp. 931 (S.D.N.Y.1963) could fairly be read as finding a cause of action for religious discrimination under § 1981. However, the court relied on *Pierce v. LaVallee*, 293 F.2d 233 (2d Cir. 1961), yet that case was brought exclusively under 42 U.S.C. § 1983 which requires action taken under color of state law. This element is absent here.

Accordingly, we hold that 42 U.S.C. § 1981 does not create a cause of action for religious discrimination. Consequently, this court is without jurisdiction to entertain plaintiff's claim of religious discrimination.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that defendant's Motion to Dismiss the Allegations of Religious Discrimination from the Amended Complaint is granted.