Edward HOOKS

v.

**RCA CORPORATION.**

Civ. A. No. 84–2353.

United States District Court,
E.D. Pennsylvania.

Oct. 25, 1984.

Marla Soffer, Jablon, Epstein and Wolf, Philadelphia, Pa., for plaintiff.

John H. Leddy, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

* Plaintiff's Response to Defendant's Motion to Dismiss Counts II, IV, V, VI, VII and the ad Damnum Clause of Plaintiff's Complaint, ¶ 3. Count IV is based on the Pennsylvania Human Relations Act § 5(a), 43 P.S. § 955(a).

## MEMORANDUM AND ORDER

VanARTSDALEN, District Judge.

In this employment discrimination action Edward Hooks, a 59-year-old black man, alleges age and race discrimination in RCA Corporation's failure to promote him from the employment position he has held since 1961. Defendant, RCA, has moved to dismiss Counts II, IV, V, VI and VII of plaintiff's complaint and to strike the ad damnum clause. Plaintiff has "agreed ... that Counts IV, V, VI, and VII of plaintiff's Complaint be withdrawn with prejudice." * Plaintiff has also filed an amended ad damnum clause which cures the defect proffered by the defendant. The only remaining issue is whether Count II should be dismissed.

Count II alleges racial discrimination in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e–17. The issue presented on this motion to dismiss is the validity of a right to sue letter issued before charges have been pending before the Equal Employment Opportunity Commission (EEOC) for 180 days. Before suit can be brought in federal district court for a violation of Title VII, a plaintiff must file charges with the EEOC and receive notice from the EEOC of the right to sue. *Ostapowicz v. Johnson,* 541 F.2d 394 (3d Cir.1976), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). After charges have been filed with the EEOC, the plaintiff can bring suit in district court if the charges are dismissed or if the EEOC fails to file a civil action or enter into a conciliation agreement within 180 days. The statute provides:

If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or ... entered into a conciliation agreement to

Count V is based on intentional infliction of emotional harm. Counts VI and VII are based on the collective bargaining agreement that covers plaintiff's employment.

which the person aggrieved is a party, the Commission shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ....

42 U.S.C. § 2000e–5(f)(1).

Plaintiff filed charges with the EEOC on November 24, 1983. He received notice of right to sue from the EEOC on February 28, 1984, less than 180 days after the charges were filed. EEOC regulations provide for the issuing of a right to sue letter prior to the expiration of 180 days from the filing of the charge provided that the EEOC determines "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge." 29 C.F.R. § 1601.28(a)(2) (1983).

Although some courts have refused to enforce this regulation because it undermines the congressional policy favoring conciliation of employment discrimination disputes, *e.g.*, *Mills v. Jefferson Bank East*, 559 F.Supp. 34 (D.Colo.1983), I find that the right to sue letter was properly issued in the present case and that jurisdiction lies in this court. The Third Circuit recently was presented with a case in which a right to sue letter was issued prior to the expiration of 180 days. *Moteles v. University of Pennsylvania*, 730 F.2d 913 (3d Cir.1984). The court "consider[ed] it inadvisable to rule on the validity of the regulation or the procedure" because it remanded the case for further factual development. *Id.* at 917. Nevertheless, the court did express some sentiments on the issue:

> It may well be that the 180-day exhaustion period is not jurisdictional.... Even so, premature resort to the district court should be discouraged as contrary to congressional intent. The preference for conciliation as the dispute resolution method in employment discrimination proceedings should not be undermined by a party's deliberate by-pass of administrative remedies. Accordingly, the plaintiff's actions in foreclosing EEOC concili-

ation efforts is one factor to be considered in determining whether equitable relief should be granted.

*Id.* (citations omitted).

Although conciliation is preferred, "[i]f the Commission determines that conciliation is unlikely, it serves no useful purpose to insist on the running of the full 180-day period before issuance of the right-to-sue letter.'" *Milner v. National School of Health Technology*, 409 F.Supp. 1389, 1392 (E.D.Pa.1976) (upholding validity of right to sue letter issued 150 days after EEOC assumed jurisdiction). *Accord Vera v. Bethlehem Steel Corp.*, 448 F.Supp. 610 (M.D.Pa.1978).

In the present case there is no suggestion that the plaintiff deliberately attempted to by-pass the administrative process. An investigation and a conference between plaintiff and defendant were conducted by the EEOC. Apparently, no conciliation agreement was reached as a result of that conference and defendant has presented no evidence that plaintiff's subsequent receipt of a right to sue letter was a circumvention of the conciliation process. Under the circumstances, there was no need for the case to collect dust in the EEOC for another two or three months before making its way to this court.

## ORDER

Upon consideration of defendant's motion to dismiss Counts II, IV, V, VI and VII of the complaint and to strike plaintiff's ad damnum clause, it is

Ordered that:

1. Counts IV, V, VI and VII of plaintiff's complaint are dismissed with prejudice;

2. The ad damnum clause of plaintiff's original complaint is stricken and plaintiff's "Amended Addendum Clause," filed August 15, 1984, is received as an amendment of plaintiff's complaint;

3. As to Count II of plaintiff's complaint, defendant's motion to dismiss is denied.