**Shawki R. IBRAHIM, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF HEALTH, Office of Health Systems Management, New York State Department of Civil Service, New York State Department of Audit and Control, New York State Division of Human Rights, Public Employees Federation Union AFL–CIO, Defendants.**

**No. 82 Civ. 0177.**

United States District Court, E.D. New York.

Jan. 26, 1984.

Charles S. Butin, Great Neck, N.Y., for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y. (Melvin R. Leventhal, Brenda S. Spears and Florence E. Abrams, Asst. Attys. Gen., of counsel), New York City, for State defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action for employment discrimination on the basis of age, race, and national origin in violation of 42 U.S.C. §§ 2000e–2(a) & 3(a) ("Title VII") and 42 U.S.C. §§ 1981 & 1983. Plaintiff also asserts pendent state claims under N.Y. Executive Law § 296(1)(a) & (e) (McKinney 1982). In addition to injunctive relief, plaintiff seeks $175,000 as back pay, compensatory, and punitive damages as well as attorney's fees under 42 U.S.C. § 1988. The New York State Department of Health, Office of Health Systems Management, the New York State Department of Civil Service, the New York State Department of Audit and Control, and the New York State Division of Human Rights (the "State defendants") move for summary judgment.[1] Fed.R.Civ.P. 56. For the reasons developed below, the motion is granted in part and denied in part.

## FACTS

Plaintiff, a 63 year old male citizen of the United States, is an ethnic Arab who was born in Egypt. Since 1979, defendants have failed to promote him to the position of Principal Health Care Fiscal Analyst ("PHCFA" or "fiscal analyst"), civil service grade 27, even though he successfully passed the appropriate New York State Civil Service examination and is on the Civil Service list for that position. In February, 1980, plaintiff filed an administrative complaint alleging that his failure to be selected for a PHCFA position was the result of discrimination. This was the first in a series of administrative complaints, all of which have been rejected.

In March, 1983, plaintiff was advised that he was being reassigned from New York City to Albany, without promotion, due to job consolidations required by State budget deficits. Plaintiff alleges that he will lose his job if he refuses to relocate, and that the relocation is in retaliation for filing complaints of discrimination. After he was informed of his reassignment, plaintiff filed an administrative complaint on the additional ground of retaliation. That claim has not yet been fully adjudicated on the administrative level.

In December, 1978, the Department of Civil Service ("Civil Service") certified a list of persons who had passed an open-competitive examination, making them eligible for

---

1. Defendant Public Employees Federation Union, AFL–CIO has neither filed an answer to plaintiff's claim for inadequate representation

PHCFA positions.[2] Of the persons listed, plaintiff and three others received a grade of 70%, the lowest passing score. Some of the passing applicants subsequently declined to be interviewed for the position by the defendant State Department of Health ("DOH"), Office of Health Systems Management ("OHSM"). Other applicants either retired or declined to be considered after interviews. In February, 1979, several of those applicants remaining on the list were appointed as PHCFA's, leaving only two candidates, the plaintiff and Mr. Joseph Culpo, for subsequent openings.

The appointing DOH, OHSM officer, relying on New York State Civil Service Law § 61, exercised what he alleges to be his discretionary option not to select from a list of fewer than three candidates and to await the results of a new examination.[3] He chose instead to retain, on a provisional basis, two employees who were temporarily serving as PHCFA's, as well as a third person from within the bureau.

Defendants assert that Mr. Gormley, the Director of the DOH Bureau of Residential Health Care Facility Reimbursement ("RHCFR"), retained the three employees because they were already functioning members of the bureau, and because their competence was not in question. Plaintiff and Mr. Culpo, on the other hand, were viewed as candidates of "unknown quality." Affidavit of William J. Gormley, at ¶ 7 (June 2, 1983).

## DISCUSSION

### 1. 42 U.S.C. § 1981

Plaintiff alleges that defendants' failure to promote him constitutes a violation of 42 U.S.C. § 1981, which provides, *inter alia*,

that all persons within the United States shall enjoy the same rights and benefits of law as are "enjoyed by white citizens." Defendants argue that this bars discrimination based upon race, but does not address discrimination based upon national origin. Plaintiff concedes the distinction but characterizes the Arab ethnic group, of which he is a member, as a "race." I disagree.

In a similar case of alleged employment discrimination, *Budinsky v. Corning Glass Works*, 425 F.Supp. 786 (W.D.Pa.1977), the court dismissed a Slavic plaintiff's § 1981 claim of racial discrimination holding that "Title VII ... provides a thorough remedy for victims of employment discrimination based on ... national origin." *Id.* at 789. The court reasoned that:

> The terms "race" and "racial discrimination" may be of such doubtful sociological validity as to be scientifically meaningless, but these terms nonetheless are subject to a commonly-accepted, albeit sometimes vague, understanding.... On this admittedly unscientific basis, whites are plainly a "race" susceptible to "racial discrimination." Hispanic persons and Indians, like blacks, have been traditional victims of group discrimination, and, however inaccurately or stupidly, are frequently and even commonly subject to a "racial" identification as "non-whites." ....
>
> The same cannot be said with respect to persons of Slavic or Italian or Jewish origin. These groups are not so commonly identified as "races" nor so frequently subject to that "racial" discrimination which is the specific and exclusive target of § 1981.

425 F.Supp. at 788.

Dealing specifically with a plaintiff of Arab origin, the court in *Saad v. Burns*

---

nor has it joined in these motions for summary judgment.

**2.** The parties' Local Rule 3(g) statements reflect a dispute as to the actual number of applicants who were eligible for the position sought by plaintiff. Plaintiff contends that there were twenty-one candidates, while defendants state that there were twenty-two. Neither side has briefed the materiality of this factual dispute.

**3.** N.Y.Civ.Serv.Law § 61 (McKinney 1983) provides in part:

> 1. Appointment or promotion from eligible lists. Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion....

*Intern. Sec. Services, Inc.*, 456 F.Supp. 33, 37 (D.D.C.1978), dismissed the plaintiff's § 1981 claim on its finding that "[Section 1981] is directed solely at discrimination based on race and color" and that plaintiff's classification of himself as "non-Caucasian" was "insufficient for purposes of a claim of racial discrimination."

■ Accordingly, plaintiff has failed to state a claim under § 1981, and that claim is dismissed.

### 2. 42 U.S.C. § 1983

Plaintiff also alleges that the actions of the various agencies and departments of the State of New York named as defendants herein give rise to a claim for damages under 42 U.S.C. § 1983. Defendants counter that as departments of the State of New York they are immune from suits under § 1983 by virtue of the Eleventh Amendment.

■ *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) held that the Eleventh Amendment permits § 1983 suits against municipalities under certain circumstances. The Supreme Court, however, sanctioned suits only against "local government units which are not considered part of the State for Eleventh Amendment purposes."[4] 436 U.S. at 690, n. 54, 98 S.Ct. at 2035, n. 54. The four named New York State agencies in this case are clearly "part of the State." Thus, plaintiff's § 1983 suit against them must be dismissed.

### 3. Title VII (42 U.S.C. § 2000e–2(a))

Plaintiff alleges that the DOH, OHSM's refusal to promote him to the position of fiscal analyst was based upon the fact that

he is an Egyptian Arab. Section 2000e–2 of Title VII provides in pertinent part:

(a) It shall be an unlawful employment practice for an employer—

(1) to ... discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... national origin; or

(2) to limit ... or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... national origin.

42 U.S.C. § 2000e–2(a)(1) & (2).

In *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court described the burden of proof in a Title VII case as follows:

(1) Plaintiff has the initial burden of establishing a *prima facie* case of discrimination; (2) if plaintiff succeeds in establishing a *prima facie* case, the burden shifts to the employer to "articulate some legitimate non-discriminatory reason" for the non-selection of plaintiff; and (3) if the employer does articulate such a reason, the burden shifts back to the plaintiff to prove that the reason given by the employer is not really legitimate and nondiscriminatory but is merely pretextual. *Id.* at 802–04, 93 S.Ct. at 1824–1825.

■ Here, plaintiff has succeeded in presenting a *prima facie* case by demonstrating that (1) he is within a class protected by § 2000e–2(a); (2) he applied for and was qualified for a job the DOH, OHSM was trying to fill; (3) he was denied the job despite his qualifications; and (4) the DOH,

---

**4.** No similar limitation exists with respect to plaintiff's Title VII claims. The Supreme Court has held that Title VII suits against States or State officials are not barred by the Eleventh Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Congress enacted the 1972 Amendments to Title VII pursuant to its authority under Section 5 of the Fourteenth Amendment in order to enforce "by

appropriate legislation" the substantive provisions of that Amendment. The principle of state sovereignty embodied in the Eleventh Amendment is necessarily limited by the enforcement provisions "of a constitutional amendment whose other sections by their own terms embody limitations on state authority." *Id.* at 456, 96 S.Ct. at 2671.

OHSM continued to seek applicants for the position. *Id.* at 802, 93 S.Ct. at 1824.

In rebuttal, the DOH, OHSM alleges that there were two reasons why, instead of promoting plaintiff, it retained the three provisional fiscal analysts pending new test results: (1) the director decided to exercise his option to choose from a list of at least three qualified applicants; and (2) the retained employees had all worked with the director, and he had confidence in their abilities. In *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254–55, 101 S.Ct. 1089, 1094–1095, 67 L.Ed.2d 207 (1981), the Court stated that the defendant's rebuttal burden is only the burden of explaining clearly the non-discriminatory reasons for its actions. I am satisfied that they have done this.

The burden of going forward thus reverts to plaintiff who must prove that the reasons articulated by the DOH, OHSM are merely pretextual. Here we encounter serious questions of credibility.

For example, Mr. Gormley, the Assistant Director of the Division of Health Care Financing, stated in his affidavit that:

> The central question presented in this case is the motivation behind my decision not to demote Mr. Malecki or Mr. Marshall and to appoint Mr. Higgitt [the provisional analysts]. Plaintiff asserts that my decisions were based on some prejudice concerning him—his race and/or age and/or national origin. Nothing could be further from the truth. I can state emphatically and without reservation that considerations of plaintiff's race, age or national origin played no part in my decision.

Affidavit of William J. Gormley, at ¶ 7 (June 2, 1983).

Although the record contains a wealth of circumstantial evidence tending to support Mr. Gormley's denial, his credibility on this crucial issue creates an issue that may not be resolved on a motion for summary judgment. In attempting to demonstrate that the DOH, OHSM's explanations are pretextual, plaintiff should be allowed to probe Mr. Gormley's motivation at trial. Moreover, the trier of the facts should be afforded an opportunity to observe the witness' demeanor, particularly under cross-examination. *See, e.g., Cross v. United States*, 336 F.2d 431, 433 (2d Cir.1964). Accordingly, defendants' motion to dismiss plaintiff's claim under 42 U.S.C. § 2000e–2(a) is denied.

4. Title VII (42 U.S.C. § 2000e–3(a))

Plaintiff's claim under this section of Title VII rests upon his allegation that the DOH, OHSM's decision to transfer him from New York City to Albany was in retaliation for plaintiff's filing charges concerning the DOH, OHSM's failure to promote him to the position of fiscal analyst. Section 2000e–3(a) expressly prohibits such retaliation. Defendants, however, argue that the Court lacks subject matter jurisdiction over the retaliation claim because plaintiff, by his own admission, has not yet exhausted his administrative remedies with respect to that claim.

■ Generally, Title VII claims, unlike claims under 42 U.S.C. §§ 1981 and 1983, cannot be heard in federal court until the plaintiff has exhausted all administrative remedies. *See, Love v. Pullman Co.*, 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679 (1972); *Dennis v. Blount*, 497 F.2d 1305, 1309 (9th Cir.1974). Only when pursuit of those remedies would be futile may a plaintiff by-pass them. *Chance v. Board of Examiners*, 70 F.R.D. 334, 337 (S.D.N.Y. 1976). Moreover, administrative exhaustion of a retaliation claim is required notwithstanding the close relationship of that claim to an underlying claim for employment discrimination under § 2000e–2(a) as to which a plaintiff *has* exhausted his administrative remedies. *See Bickley v. University of Maryland*, 527 F.Supp. 174 (D.Md.1981).

Because relief is available to plaintiff at the administrative level, the retaliation claim must be dismissed for lack of jurisdiction.

5. N.Y.Executive Law § 296(1)(a) & (e)

Section 296(1)(a) of New York's Executive Law (prohibiting discriminatory em-

ployment practices) is the State counterpart of 42 U.S.C. § 2000e–2(a). Section 296(1)(e) of the Executive Law (prohibiting employer retaliation) is the State counterpart to 42 U.S.C. § 2000e–3(a). These State law causes of action are pleaded under principles of pendent jurisdiction. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■■■ Defendants' argue that dismissal of all federal claims would divest the Court of its pendent jurisdiction over plaintiff's State causes of action. Because I have denied the motion to dismiss plaintiff's Title VII claim for employment discrimination under 42 U.S.C. § 2000e–2(a), however, pendent jurisdiction exists with respect to that claim's State counterpart under N.Y. Exec.Law § 296(1)(a).[5]

■■■ Because I have dismissed plaintiff's federal retaliation claim under 42 U.S.C. § 2000e–3(a) for failure to exhaust administrative remedies, however, I deem it prudent to decline to exercise pendent jurisdiction over the corresponding State cause of action under N.Y.Exec.Law § 296(1)(e) until the federal claim is ripe. Accordingly, defendants' motion to dismiss is denied as to plaintiff's cause of action under N.Y. Exec.Law § 296(1)(a) but is granted as to plaintiff's retaliation claim under N.Y. Exec.Law § 296(1)(e).

6. Proper Defendants

The State defendants argue that plaintiff has failed to state a cause of action upon which relief can be granted as against (1) the New York State Department of Civil Service; (2) the New York State Division of Human Rights; and (3) the New York State Department of Audit and Control.

■■■ Upon searching the record, I conclude that plaintiff has failed to address

this issue adequately. He has presented no relevant law or convincing arguments demonstrating the propriety of joining these agencies as co-defendants on those claims that have survived this motion for summary judgment. Accordingly, all claims that pertain to those defendants are dismissed. *See* Fed.R.Civ.P. 19. The proper State defendant is the DOH, OHSM.

CONCLUSION

The State defendants' motions for summary judgment are granted with respect to all claims except plaintiff's claims under 42 U.S.C. § 2000e–2(a) and N.Y.Exec.Law § 296(1)(a) for discriminatory employment practices by the DOH, OHSM.

SO ORDERED.

---

5. Although plaintiff has alleged a claim for employment discrimination based upon age, the second amended complaint does not refer to 29 U.S.C. § 623(a) (prohibiting age discrimination by employers). Nevertheless, N.Y.Exec.Law § 296(1)(a) encompasses age discrimination among its prohibitions. Accordingly, that claim

is also before the Court. I find that plaintiff has met his burden, though barely so, under Fed.R. Civ.P. 56(e) by demonstrating that there exist material issues of fact with respect to his claim for age discrimination. Therefore, defendants' motions for summary judgment are denied as to that claim.