Hope J. HAMILTON, Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE, Commissioner of Mental Health & Commissioner of Mental Retardation & Developmental Disabilities, New York State Office of Mental Health, Commissioner of Mental Health, New York State Office of Mental Retardation & Developmental Disabilities, Commissioner of Mental Retardation & Developmental Disabilities, Buffalo Psychiatric Center, Executive Director of Buffalo Psychiatric Center, Robert A. Coffey, Howard Sager, Steven M. Cobb, New York State Department of Civil Service, President of State Civil Service Commission, New York State Civil Service Commission, New York State Department of Audit & Control, New York State Employees Retirement System, and, New York State Comptroller, Defendants.

No. 92–CV–102A.

United States District Court,
W.D. New York.

Dec. 5, 1994.

John P. Lane, Williamsville, NY, for plaintiff.

G. Oliver Koppell, Atty. Gen. for the State of N.Y., Mark R. Walling, Asst. Atty. Gen., of counsel, Buffalo, NY, for defendants.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1)(B) on March 5, 1992. On December 5, 1994, Magistrate Judge Foschio filed a Report and Recommendation recommending that the remedial defendants' motion to dismiss the complaint as against them should be granted.

The Court having carefully reviewed the Report and Recommendation, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, the complaint is dismissed as against defendants New York State Department of Civil Service, New York State Civil Service Commission, President of New York State Department of Civil Service, New York State Department of Audit and Control, New York State Comptroller, New · York State Employees' Retirement System, New York State Office of Mental Retardation and Developmental Disabilities, and Commissioner of New York State Office of Mental Retardation and Developmental Disabilities.

The parties are directed to contact Magistrate Judge Leslie G. Foschio for the purpose of scheduling further proceedings in this action.

IT IS SO ORDERED.

## REPORT and RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned by the Hon. Richard J. Arcara on

March 5, 1992 for report and recommendation on any dispositive motions. The matter is presently before the court on Defendants' motion to dismiss the action, and/or, for summary judgment, dated April 6, 1992.

## BACKGROUND

Plaintiff, Hope J. Hamilton, filed this action on February 6, 1992, alleging four causes of action based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, ("ADEA"); 42 U.S.C. § 1983; and the New York State Human Rights Law, Executive Law § 296. Specifically, Plaintiff claims that her employment position with Defendant Buffalo Psychiatric Center was eliminated, and that she was demoted and placed in a lesser position at the West Seneca Developmental Center, because of her age and gender.

On April 6, 1992, Defendants New York State Department of Civil Service, New York State Civil Service Commission, President of New York State Department of Civil Service, New York State Department of Audit and Control, New York State Comptroller, New York State Employees' Retirement System, New York State Office of Mental Retardation and Developmental Disabilities, and Commissioner of New York State Office of Mental Retardation and Developmental Disabilities filed a motion to dismiss the complaint against them, and/or for summary judgment, on the ground that the complaint fails to state a claim upon which relief can be granted as none of these Defendants had any personal involvement with regard to the disputed employment practices at issue in this case. Rather, Defendants contend that these particular Defendants, designated by Plaintiff as "remedial defendants," were only named as parties to this action for the purpose of enforcing any possible judgment if Plaintiff is successful in her lawsuit, and that, as such, they are not necessary parties as any judgment would be enforced without their presence.

On July 23, 1992, Plaintiff filed a response to Defendants' motion, claiming that these Defendants were necessary parties as there was no guarantee that, if Plaintiff is successful, these Defendants would enforce a judgment requiring Plaintiff's reinstatement to her former position, and for back pay and benefits.

Oral argument on the motion was heard on September 3, 1992.

For the reasons as set forth below, Defendants' motion to dismiss, and/or, for summary judgment, should be GRANTED.

## FACTS

Plaintiff began her employment with Defendant Buffalo Psychiatric Center ("BPC") on May 19, 1982.[1] At the time of the commencement of her employment, Plaintiff, a female, was sixty-one years of age. On November 17, 1983, Plaintiff was appointed to the position of Senior Mechanical Stores Clerk, which was classified as a Grade 9 position.

On February 10, 1986, Defendant Steven M. Cobb became Plaintiff's supervisor. According to Plaintiff, Cobb began discriminating against her in various ways, including harassing her and subjecting her to excessive criticism which was not directed towards the younger male employees, making unfounded complaints concerning Plaintiff's work, insulting Plaintiff in her presence, assigning Plaintiff to menial tasks and refusing to allow her to assume job responsibilities which coincided with her position, requiring Plaintiff to lift heavy objects without assistance, and giving performance evaluations which were false and malicious. Plaintiff complained repeatedly, through personal conferences, and by the filing of grievances, to Defendants N.Y.S. Department of Mental Hygiene, N.Y.S. Office of Mental Health, and the BPC, through the BPC's affirmative action administrator and through Defendants Robert Coffey, the Director of BPC's Facility Administrative Services, and Howard Sager, the BPC Plant Superintendent. However, Plaintiff

---

1. The fact statement is taken from the complaint filed in this action, along with the relevant papers filed in accordance with the instant motion.

claims that these Defendants did nothing to alleviate the situation, and failed to take any action relative to her grievances.

In April, 1989, the BPC determined that it was necessary to layoff thirty employees from the BPC, and instructed management to recommend employees for termination. According to Plaintiff, Cobb recommended that Plaintiff be terminated from her employment. Thereafter, on July 3, 1990, Plaintiff's position was targeted for layoff. On December 26, 1990, BPC circulated a memorandum regarding a Retirement Incentive Program, and notified the employees targeted for layoff that retirement applications were to be filed on January 20, 1991, with retirement to be effective on February 20, 1991. Plaintiff did not file a retirement application. Thereafter, on January 30, 1991, Plaintiff was notified that her employment with BPC was to be terminated as of February 20, 1991.

On February 21, 1991, Plaintiff was transferred to the position of Stores Clerk 1 at the West Seneca Developmental Center, a facility operated by the New York State Office of Mental Retardation and Developmental Disabilities. This position carried a Grade level of 6, with a yearly salary reduction of $4000 from Plaintiff's prior position with BPC.

On December 31, 1990, Plaintiff filed a complaint with the New York State Division of Human Rights, charging BPC, Cobb, and the New York State Department of Civil Service, and the New York State Department of Audit and Control, as necessary parties, with employment discrimination. The charge was cross-filed with the Equal Employment Opportunity Commission on March 11, 1991. After an investigation of Plaintiff's complaints, on September 23, 1991, the Division of Human Rights issued a probable cause finding.

### DISCUSSION

■ On a motion to dismiss, the court looks to the four corners of the complaint and is required to accept a plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Dacey v. New York County Lawyers'*

*Association,* 423 F.2d 188, 191 (2d Cir.1969), *cert. denied,* 398 U.S. 929, 90 S.Ct. 1819, 26 L.Ed.2d 92 (1970). The complaint will be dismissed only if "it appears beyond doubt" that the plaintiff can prove no set of facts which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985). The court is required to read the complaint with great generosity on a motion to dismiss. *See Yoder v. Orthomolecular,* 751 F.2d 555 (2d Cir.1985).

■ In this case, Plaintiff designated the New York State Department of Civil Service, the New York State Civil Service Commission and its President, the New York State Office of Mental Retardation and Developmental Disabilities, the New York State Comptroller, the New York State Employees' Retirement System, and the New York State Department of Audit and Control as "Remedial Defendants," named as parties solely for the purpose of enabling the court to award Plaintiff "all remedies to which she is entitled in law and equity." *See* Plaintiff's Complaint, at ¶ 19. Plaintiff concedes that she has not alleged that the Remedial Defendants were responsible for any discriminatory actions taken against her.

The Remedial Defendants argue that they are not necessary parties to this case as, if Plaintiff is successful, there is no question but that, if reinstatement and back pay are awarded as a result of this litigation, these Defendants, or any appropriate state agency, would be bound by the judgment. Further, the Remedial Defendants note that statutory law requires that an appropriate credit be given in the state retirement fund if Plaintiff were to be awarded back pay. Finally, the Remedial Defendants contend that the body of the Complaint does not set forth any causes of action against these Defendants, and, therefore, as personal involvement of a party is required under all of the statutes cited by Plaintiff, the Complaint must fail as against the Remedial Defendants.

■ Plaintiff has asserted causes of action under 42 U.S.C. § 1983, Title VII, and the ADEA. Section § 1983 requires that a

defendant have personal involvement in the alleged incident before liability will attach. *See Al–Jundi v. Estate of Nelson Rockefeller,* 885 F.2d 1060, 1065–66 (2d Cir.1989) (holding that a defendant's personal involvement in an alleged deprivation of constitutional rights is a necessary element of a § 1983 complaint). A Title VII action may only be maintained against an "employer" or his "agent." 42 U.S.C. § 2000e(b). Only an "employer," "employment agency," or "labor organization," may be liable under the ADEA. 29 U.S.C. § 623(a), (c). "Holding responsible those who control the aspects of employment accorded protection under Title VII is consistent with the congressional intent both that the Act's effectiveness not be frustrated by an employee's delegating authority ... and that the Act be interpreted liberally in order to achieve its remedial purpose of eradicating discrimination in employment." *Spirt v. Teachers Insurance Annuity Association,* 475 F.Supp. 1298, 1308 (S.D.N.Y.1979), *aff'd in relevant part,* 691 F.2d 1054 (2d Cir.1982). The Second Circuit has approved the application of Title VII principles to ADEA cases. *Lowe v. Commack UFSD,* 886 F.2d 1364, 1369 (2d Cir.1989), *cert. denied,* 494 U.S. 1026, 110 S.Ct. 1470, 108 L.Ed.2d 608 (1990). Accordingly, those who are responsible for making and or contributing to employment decisions for the defendant employer may be liable as its agents under either Title VII or the ADEA. *See, e.g., Kolb v. State of Ohio, Department of Mental Retardation and Developmental Disabilities, Cleveland Developmental Center,* 721 F.Supp. 885, 891 (N.D.Ohio 1989).

There is no question that Plaintiff has not alleged any causes of action as against the Remedial Defendants, and has not asserted that any of the Remedial Defendants had any personal involvement in the incidents leading to the filing of this action, or that any of the Remedial Defendants acted in a supervisory manner or as an agent for the Defendants which allegedly directly discriminated against Plaintiff. In *Ibrahim v. New York State Department of Health,* 581 F.Supp. 228, 234 (E.D.N.Y.1984), the court dismissed the New York State Department of Civil Service, the New York State Division of Human Rights, and the New York State Department of Audit and Control from a Title VII action where the plaintiff had presented "no relevant law or convincing arguments demonstrating the propriety of joining these agencies as co-defendants." *Ibrahim, supra,* at 235. In this district, the court dismissed the New York State Department of Civil Service, and the New York State Department of Audit and Control as defendants in a Title VII action, holding that these defendants were not necessary parties as any judgment against the employer defendant would be required to be adhered to whether or not these defendants were parties, and noting that "the plaintiff's concern that such an award would not be carried out is speculative, at best." *Schnorr v. New York State Department of Mental Hygiene,* No. 92–102A, (W.D.N.Y. February 16, 1994) (Maxwell, M.J.).

The court concludes that the Remedial Defendants are not proper parties to this action. There is no basis on which to hold any of the Remedial Defendants liable under either Title VII, the ADEA, or Section 1983, where there is no factual basis on which to connect these Defendants with a cause of action under the statutes. Plaintiff has submitted no authority for the proposition that a defendant is a necessary party simply because that defendant might be required to satisfy a judgment pursuant to state procedural law. If Plaintiff is successful on the merits of this action, absent any showing that the Remedial Defendants will refuse to comply with a judgment, there is no basis on which to hold these Defendants in the lawsuit. Accordingly, the court finds that the Remedial Defendants should be dismissed from this action.

### *CONCLUSION*

Based on the foregoing discussion, the Remedial Defendants' motion to dismiss the complaint as against them should be GRANTED. The parties are directed to contact the undersigned for the purpose of scheduling further proceedings in this action after a final decision on this motion has been rendered by Judge Arcara.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 30(a).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and Recommendation to counsel for the Plaintiff and Defendants.

SO ORDERED.

DATED: December 5th, 1994